EVAN JENKINS v. DANIEL FRINK, G. W. MOODY, JAMES C. BRALEY, JACOB SHUMWAY, WESLEY GALLIMORE, AND DANIEL L. MOODY.

ORDER GIVING TIME TO FILE STATEMENT.—An order of Court allowing a party twenty days within which to file a statement on motion for a new trial must be construed as giving twenty days from the date of the order, and not twenty days beyond the time of giving notice, or twenty days beyond the time allowed by statute.

FILING STATEMENT FOR NEW TRIAL.—If a statement on application for a new trial is not filed within the time required by law, the right to move for a new trial is waived, and if a motion to that effect is made, the statement should be stricken out.

PROCEEDINGS TO OBTAIN A NEW TRIAL.—There are three distinct steps recognized by the Practice Act, in a proceeding to obtain a new trial, for the taking of each of which, except the last, a particular period of time is allowed : Firstly—a notice of intention to move for a new trial ; Secondly—Filing and serving statement or affidavits ; Thirdly—The motion for a new trial. An order extending the time for taking either of these steps should express with precision the object to be attained.

Query ?—Should an order allowing time within which to file a motion for a new trial be construed as allowing time to file a statement?

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*Hoge & Wilson*, for Appellants.

*Patterson, Wallace & Stow*, for Respondent.

By the Court, SAWYER, J.

This case was tried by the Court without a jury, and the findings were filed on the 12th of May, 1864. On the same day notice of the filing of the findings was served on defendants' attorney. On the 13th of May, on motion of defendants' counsel, it was " ordered by the Court that said defendants

43

have twenty days within which to file a motion for a new trial herein." On the 16th of the same month the defendants Braley and Gallimore filed a notice of motion for a new trial, and served the same on plaintiff's counsel. On the 3d of June following, the same defendants filed and served their statement on motion for new trial. On motion of plaintiff's counsel this statement on motion for new trial was struck out, upon the ground that it was filed too late, and for that reason the motion for new trial was waived under section one hundred and ninety-five of the Practice Act. The appeal is from the order striking out the statement, and the only question is, Was the statement filed in time? We think it was not. Conceding that the order gave the defendants twenty days within which to file a statement, there can be no doubt that the time commenced to run from the date of the order. It does not say twenty days from the date of giving notice of intention to move, or twenty days beyond the time allowed by statute, but simply that " said defendants have twenty days within which to file a motion for a new trial herein." The obvious construction is, that defendants were to have twenty days in all from that time, and so the Judge below construed his own order. This construction was given to a similar order in *Easterby* v. *Larco*, 24 Cal. 179. The twenty days expired June 2d, and the statement was, therefore, not filed in time.

But the order does not in terms extend the time to file a statement, and it is at least doubtful whether it can be so construed. The statute recognizes three distinct steps in a proceeding to obtain a new trial. Firstly—A notice of intention to move for a new trial, which must be given within five days after the rendition of the verdict, when the case is tried by a jury, and within ten days after receiving written notice of the rendering of the decision of the Judge, or of the filing of the report of the Commissioner or referee, when tried by such officers, unless the time for giving notice is extended by the Court for a period not exceeding thirty days, when the parties do not consent to a longer period, as provided in section five hundred and thirty. Secondly—Filing and serving

statement or affidavits; which must be done within five days after giving notice of intention to move, unless the time is extended by the Court for a period not exceeding twenty days, or by consent of parties (Practice Act, Section 195); and Thirdly—The motion, or in the language of the statute, "the application for new trial;" which "shall be made at the earliest period practicable after filing the affidavits or statement." (Section 196.) "An application for an order is a motion." (Section 515.) The motion, then, is a distinct and separate step in the proceedings, and subsequent to the notice of intention to move, and to the filing of the statement. The order does not in terms purport to give time to serve a notice of intention to move for a new trial, or to file and serve a statement, but only time "within which to file a motion for a new trial." This language is strictly applicable to the last step in the proceeding only. Doubtless the defendants intended to procure time to file statement. But as the statement was not filed within the twenty days given, it is unnecessary to decide this question. We refer to the form of the order for the purpose, only, of again calling attention to the necessity of seeing that orders procured are entered in such terms as to express with precision the object to be attained. (See *Bear River and Auburn Water and Mining Company* v. *Boles*, 24 Cal. 355, on this point.)

The order appealed from must be affirmed. The first fifty printed pages in the transcript might have been omitted. All that was necessary to constitute the transcript on appeal was the order appealed from, affidavit of Wallace, the notice of motion to strike out, statement on appeal and notice of appeal, which are all comprised in about eleven pages of the transcript.

Order striking out statement on motion for new trial affirmed with costs.

Mr. Justice RHODES expressed no opinion.