## LOUIS VILHAC *v.* WILLIAM BIVEN AND ISABELLA BIVEN.

TIME TO FILE AMENDMENTS TO STATEMENT.—The time within which proposed amendments to a statement on motion for a new trial are to be made and filed is left for the regulation of the Court.

NOTICE OF SETTLEMENT OF STATEMENT.—If notice of the time and place of the settlement of a statement before a Judge on motion for a new trial is given to the appellant, and he does not attend, he cannot afterwards complain of the statement as settled.

SERVICE OF AMENDMENTS TO STATEMENT.—The statute makes no provision for the service of amendments to a statement or a copy thereof upon the adverse party, and if notice is given of the time and place of the settlement of a statement before the Judge, the engrossed statement as settled will not be stricken out because the amendments were not served on the opposite party.

CERTIFICATE TO STATEMENT.—A statement on motion for new trial which is not certified as correct by the parties or by the Judge will not be regarded in the appellate Court.

ASSIGNMENT OF ERRORS IN STATEMENT.—A statement on motion for new trial must specify the particulars wherein it is alleged the evidence is insufficient to justify the verdict and the errors upon which the appellant will rely.

TENDER OF MONEY.—A tender of legal tender notes in payment of a note payable in gold coin is not a discharge of the debt.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*A. M. Heslep*, for Appellant.

*Tyler & Cobb*, for Respondent.

By the Court, CURREY, J.

This action was brought to recover the amount due on a promissory note and to foreclose a mortgage of certain real property executed by the defendants to secure the payment of the note. The note, a copy of which is set forth in the complaint, bears date the 5th of October, 1863, and is made payable six months after date, with interest at one and a half per cent per month, in current gold coin of the United States. The mortgage was executed on the day of the date of the note and was duly recorded on that day. The action was commenced on the 18th of July, 1864. On the 6th of August the defendants filed their answer, in which they admit the execution and delivery of the note and mortgage to the plaintiff, and they state that on the 3d of August there was due by reason thereof for the debt and costs incurred, the sum of

thirty-two hundred and fifty dollars; but they aver that the sum due on the note and mortgage on the day last mentioned, including the costs then incurred, was paid by one of the defendants to the plaintiff in satisfaction of the amount due him. That such payment was made "in the currency of the United States, known as legal tender notes, commonly called greenbacks."

From the statement of the evidence in the case, it appears that on the 3d of August the defendant William Biven obtained from an officer of the United States Government certain United States notes, commonly called "greenbacks," amount-, ing to the sum of thirty-two hundred and fifty dollars. This money belonged to the United States, and was obtained for the purpose of being used as a tender to the plaintiff in payment of the amount due him.

William Biven was sworn as a witness for the defendants, and testified that to induce the officer to let him have these United States notes, he told him he did not' expect the plaintiff would receive them, and that if plaintiff offered to take them, he (Biven) would not let him do so. Another witness testified that when Biven applied for the money the officer told him he could have it to use in making the tender if he would take his (the officer's) brother along to witness it; and the officer at the same time told his brother and the defendant to be sure not to let the plaintiff have the money if he offered to accept it, assigning as a reason therefor that if the plaintiff was allowed to take the money it would ruin him (the officer).

The officer's brother testified that he and Biven then called on the plaintiff, when Biven handed him four bundles of United States notes, three of which contained one thousand dollars each, and one two hundred and fifty dollars, saying to him: "Louis, here is the money I owe you for the mortgage." The plaintiff took the notes, and while counting them, Biven said to him: "I give them to you at par;" to which the plaintiff made no reply, but continued counting. After having counted the money, he handed the package back to the wit-

ness, who was near by, and who took possession of them and carried them away with him.  The witness further testified as follows : " After I received the money from Vilhac, and just as we had started to go away, he called us back, and said to me he supposed I was a witness to the transaction, and he wished to say he would take the greenbacks at their market value in coin.  Biven then said to him: 'No ; you cannot have them in that way ; if you take them, you must take them at par.' Vilhac then shook his head and turned away, when we left." In answer to an inquiry made by the Court, this witness stated that he went to the plaintiff's place of business to witness the tender and bring back the money.

The Court below, after having heard the evidence, rendered a finding and judgment for the plaintiff.  The defendants gave notice of a motion for a new trial, and filed a statement, to which the plaintiff proposed amendments.  The statement was settled and engrossed.  The application for a new trial was in due time overruled.  From the judgment and the order denying a new trial the defendants have appealed.

The statement to be used on the motion for a new trial was filed on the 30th of August, to which the respondent proposed amendments and filed the same on the 30th of September. The appellants moved to strike the proposed amendments from the files of the Court, on the ground that the same were not duly filed nor submitted to the appellants or their counsel. This motion was made after the Court had settled the statement, and it had been engrossed and filed, and also after the appellants' motion for a new trial had been denied.  The motion to strike from the files of the Court the proposed amendments, and with it, as a consequence, the engrossed statement, was denied.  This ruling of the Court is assigned as erroneous.

The statute does not specify the time within which proposed amendments to a statement prepared and filed to be used on motion for a new trial shall be made or filed.  As the statute is silent on the subject, the practice in such cases must necessarily be regulated by the Court.  In respect to the service of

proposed amendments or a copy thereof, the statute makes no provision. The statute provides that when the moving party's statement is not agreed to by the adverse party, it shall be settled by the Judge upon notice. The appellants do not show that the statement was not settled by the Judge upon notice, but they say the engrossed statement was never submitted to them or their counsel, and that they, as well as their counsel, were wholly ignorant of its existence. It is to be presumed the Judge was judicially satisfied that defendants' counsel had notice of the time and place when and where the statement would be settled. If, after having had notice, the defendants' counsel neglected for any cause to attend before the Judge upon the settlement of the statement, or afterward remained ignorant of the existence of the engrossed statement, they have no cause of complaint. They must bear the consequences of their own negligence.

By the statement as settled, the judgment, in our opinion, was eminently just and should be affirmed. The same result would follow if the settled and engrossed statement was rejected, and the statement prepared and filed on the part of the defendants was substituted in its place. The statute provides that when the statement shall be agreed to, "it shall be accompanied by the certificate of the parties or their attorneys that the same has been agreed upon and is correct." And "when settled by the Judge, the same shall be accompanied with his certificate that the same has been allowed by him and is correct."

The statement prepared and filed by defendants was not accompanied by any certificate of its correctness, and therefore could not be regarded even if the engrossed statement was rejected. Besides this, the statement does not specify the particulars in which the evidence is alleged to be insufficient to justify the judgment, nor the errors upon which the defendants relied for a new trial. The statute declares that if no such specifications be made the statement shall be disregarded. (Practic Act, Sec. 195; *Hutton* v. *Reed*, 25 Cal. 478.)

The case and points made by defendants are, in our judg-

ment, wholly destitute of merit. The pretended payment was a reprehensible attempt to obtain an unjust advantage of the plaintiff without paying him his due or any part of it.

The judgment is affirmed with ten per cent damages.