## FRANCIS M. QUIVEY *v.* FELIX GAMBERT.

APPEALABLE ORDER.—An appeal does not lie from an order striking out a state-
　　ment on motion for a new trial.

MOTION FOR NEW TRIAL.—If there are any technical grounds upon which a
　　motion for a new trial may be resisted, such as failure to file and serve notice of
　　motion or to file statement in time, the proper practice is to raise such grounds on
　　the argument of the motion as a reason why the motion should be denied.

IDEM.—A motion for a new trial can be heard only on the record made and settled
　　before the motion is made.

NEW TRIAL.—An order granting or refusing a new trial can be reviewed by the
　　Supreme Court only on the record made and settled before the order is made.

IDEM.—On appeal from an order granting or refusing a new trial a statement can-
　　not be annexed to the order.

STATEMENT ANNEXED TO ORDER.—An order denying or granting a new trial is
　　not one of the orders referred to in section three hundred and thirty-eight of the
　　Practice Act, to which a statement may be annexed on appeal.

AN EXCEPTION.—An exception is an objection taken between the time of calling
　　the action for trial and the rendition of the verdict or decision.

BILL OF EXCEPTIONS.—An order striking out a statement on motion for a new
　　trial cannot be brought before the Supreme Court for review by a bill of excep-
　　tions.

COURT SHOULD RULE ON MOTION FOR NEW TRIAL.—A party moving for a new
　　trial is entitled to a ruling upon his motion upon the basis upon which it is pre-
　　sented. If his notice or statement has not been filed or served in time, that is
　　good reason why his motion should be denied.

STRIKING OUT STATEMENT OR NOTICE.—The Court should not strike out a notice
　　or statement on motion for a new trial.

AMENDMENTS TO STATEMENT.—A defendant in a motion for a new trial may file
　　amendments to the statement, without waiving his right to object that the notice
　　or statement was not filed or served in time, by a preface that he does so without
　　prejudice to his right to object at the hearing to the notice or statement on these
　　grounds.

APPEAL from the District Court, Third Judicial District,
Santa Clara County.

　　The plaintiff recovered judgment in the Court below, and
the defendant moved for a new trial and filed a statement.

On motion of plaintiff's attorney the Court struck out the statement.

The other facts are stated in the opinion of the Court.

*J. B. Hart*, for Appellant.

*Wm. Mathews*, for Respondent.


By the Court, SANDERSON, J.:

This is an appeal from an order striking out a statement on motion for new trial. The respondent moves to dismiss the appeal upon the ground that no appeal lies from such an order.

We have recently held, in several cases, that an order striking out a statement on motion for new trial is not appealable. (*Leffingwell* v. *Griffing*, 29 Cal. 193; *Ketchum* v. *Crippen*, 31 Cal. 365; *Pendegast* v. *Knox, ante*, 73; *Genella* v. *Relyea, ante*, 159.) It is true, we entertained such an appeal in *Harper* v. *Minor*, 27 Cal. 107, and *Jenkins* v. *Frink*, 27 Cal. 337, but the point that such an appeal did not lie was not made, and it escaped our notice.

In some districts a practice seems to have arisen in relation to proceedings touching new trials, which we think has no foundation in the Practice Act. If the defendant, in the motion, has, or supposes he has some technical grounds upon which to resist the motion, such as a failure to file and serve notice of motion, or statement, or affidavits to be used at the hearing, within the periods of time respectively provided by the statute, he has been allowed to make a counter motion to dismiss the motion for a new trial where the notice is not within time, or to strike out the statement where the notice is in time but the statement is not. In *Harper* v. *Minor* the counter motion was to dismiss the motion for a new trial, and in *Jenkins* v. *Frink* it was to strike out the statement. We are of the opinion that such a mode of procedure is irregular, and not only without the sanction of any provision of the statute

regulating such matters, but is so inconsistent with the practice contemplated by the statute and so embarrassing and mischievous in its results that it ought not to be longer tolerated. Such a practice might be tolerated if such orders were appealable, but even then it would be a bad practice; for if such orders should turn out to be erroneous, two appeals would be necessary instead of one, in order to get the judgment of this Court upon the ultimate question whether there ought to be a new trial or not. But in view of the fact that such orders are not appealable, a moment's reflection will show that the practice is altogether at variance with the methods of the statute, and tends materially to embarrass and complicate the proceedings to obtain a new trial, if not to entirely deprive the party seeking a new trial of his right to the opinion of this Court as to whether he is entitled to it or not.

Suppose the motion for a new trial to be dismissed, or, what amounts to the same thing, the statement or affidavits upon which it is based stricken out, how is the plaintiff in the motion to proceed thereafter? He may claim that his notice or statement, as the case may be, is in time, and if so he is entitled to the opinion of this Court upon that question. How is he to get his case here within any of the modes fixed by the statute? If no way has been provided, or if there is a way and it is unnecessarily circuitous and complicated, a practice which necessitates a resort to it ought not to be countenanced.

It is suggested that he may still prosecute his motion for a new trial and insist upon an order denying it, and then appeal from the order. There is a manifest absurdity involved in the idea of further prosecuting a motion which has been dismissed, or the foundation upon which it rests stricken out. But overlook the absurdity and suppose the thing to have been done, what will come to this Court on the appeal—of what will the record consist? In passing upon the question of new trial we are confined to the record upon which the Court below ruled. By the very conditions supposed the Court below had no record before it when it denied the motion, so we have

none before us, and, as a matter of course, the order must be affirmed.

But it is suggested that the order dismissing the motion or striking out the statement may be brought up on the appeal from the order denying the motion by a bill of exceptions. Suppose that this could be done, it would be necessary to come here twice before the motion for a new trial could get here; for the first appeal would merely reverse the order striking out the statement, and a statement would thereafter have to be settled by the Court below and the motion for a new trial again decided before we could reach the question. But it cannot be brought here by a bill of exceptions. The definition of an excption as given in section one hundred and eighty-eight of the Practice Act is not broad enough to cover such a case. An exception as there defined is an objection taken at the trial, or at any time from the calling of the action for trial to the rendering of the verdict or decision.

It is next suggested, that on the appeal from the order denying the new trial, the ruling of the Court in dismissing the motion, or striking out the statement, can be brought up by a statement made on such appeal, as provided in section three hundred and thirty-eight. Suppose that this can be done, such a course would still be objectionable, because it would make it necessary to bring the case here twice before the motion for a new trial could be reached, for the reason, as stated above, that until the error in dismissing the motion or striking out the statement has been corrected, no statement for the purposes of the motion for a new trial can be prepared. But we do not consider that orders referred to in the three hundred and thirty-eighth section include orders granting or refusing new trials. Motions for new trials rest here, as in the Court below, upon the record made and settled before the motion is heard. There can, therefore, be no occasion for a further statement on an appeal from such an order, for we can only review it upon the same record upon which the Court below decided. The orders referred to in section three hundred and thirty-eight are evidently such special

orders as are made during the progress of the case or after final judgment which are appealable, and are not based upon a record previously made and settled. Where such is the case a statement may be necessary, and hence the section in question has provided that one may be made if required; but where, as here, the record is made in advance of the order, there can be no occasion for a subsequent record.

From these considerations we think it clear that the practice pursued in this case is out of the line of procedure adopted by the code. It is manifest that under either mode above suggested the first appeal, though nominally from the order denying or granting a new trial, is in effect an appeal from the order striking out the statement, for that order is the order and the only one which is in fact reviewed, and the order from which the appeal appears to be taken is not reviewed at all, and cannot be until the case has gone back and an opportunity has been given to the parties to make a record upon which it can be heard.

To show the utter absurdity of such a practice it is only necessary to trace it one step further. If a statement can be made up under the three hundred and thirty-eighth section, after a motion for a new trial has been decided, it must be done within twenty days. Suppose a dispute should arise as to whether it was filed within time and a motion should be made to strike it out also, and should be sustained, how would the case stand then? Would still another statement be in order? If a statement would be in order in the first instance, it would for the same reason be in order in the second, and so on to the end of time; statement after statement could be struck out and all access to this Court on the part of the plaintiff in the motion be cut off. A practice which leads to such absurd consequences cannot be sustained.

A party moving for a new trial is entitled to a ruling upon his motion upon the basis upon which he presents it, in order that he may have and enjoy unembarrassed his right of appeal to this Court. If his notice or statement has not been served or filed within time, that is a good reason why his motion

should be denied when finally brought to a hearing, but under the method of procedure prescribed by the code it is not intended that the record upon which the motion is made may be first stricken out and the motion then denied. Such a course is in effect a denial of any hearing upon the motion and of an appeal to this Court in a case where an appeal is given.

There is no force in the suggestion that the defendant in the motion, if not allowed to take this course, will be forced to waive objections as to time. If the notice and statement, or either of them, is not filed within time, he may safely rely upon such facts as fatal to the motion when brought to a hearing. If, however, as is generally the case, there is some doubt as to whether they are within time, and he does not desire to take any risk, he may propose amendments without waiving his right to object that they are not within time by a simple preface that he does so without prejudice to his right to object at the hearing to the notice or statement upon those grounds. By so doing he waives nothing; on the contrary, he preserves all his rights in the premises. The Court will then proceed and settle the statement and at the hearing pass upon the objections so reserved. If the motion is denied an appeal can then be taken to this Court, where the whole matter can be reviewed upon the record upon which the Court below heard the motion. Such is the plain and obvious course prescribed by the statute and no departure from it can be indulged, without, as we have seen, mischievous if not absurd results.

The appeal must be dismissed; but we advise the Court below to set aside its order striking out the statement and allow the motion for a new trial to proceed in the manner suggested.


SAWYER, J., dissenting :

I concur in that part of the order which dismisses the appeal, on the ground that the order from which the appeal is taken is not appealable, but I am compelled to dissent from

the advice given to the District Court, and from those portions of the prevailing opinion upon which it is based. In my judgment, a motion to strike from the files a statement on motion for new trial, which has been irregularly, or improperly filed, is regular and proper. A party has no right to put upon the files of the Court a statement, without having given in due time a proper notice of his intention to move for a new trial, or after the time allowed by law for filing a statement has expired, or a document which he chooses to call a statement, but which in no respect fulfils the requirements of the statute as to what shall be necessary to constitute a statement; and when he does assume to file a statement after his right has expired, or a paper of the character indicated, he places a document upon the files, which he has no right to place there, and which has no proper place in the records of the Court. He has, however, in fact, without authority of law, put it on the files, and the question is, what is to be done with it ? I had always supposed the best way to dispose of a paper, which had been improperly filed, or for any reason had illegally got upon the record, was to get it out of the way—get rid of it as soon as possible—and that in all such cases the proper practice, was, to move, at the first opportunity, to strike it from the files. It is an illegal encumbrance upon the record, and has no business there. Why not make short work of it by removing the excrescence ? Such, so far as my observation goes, has been the practice with reference to all documents which parties have filed without right, or which have improperly found their way upon the records of Courts. And I see no reason why the practice which has heretofore obtained with reference to statements, as well as to other documents filed without authority, is not entirely regular and proper. It is the shortest, easiest, and most convenient way of disposing of them.

Under the New York code a motion for new trial may be made upon a " case " answering in many respects to our statement. (N. Y. Code, Sec. 265.) The statute does not minutely point out the mode of proceeding in making up a

case.   The details are left for the Courts to prescribe by rule, and rules thirty-four and thirty-five cover the grounds provided for by statute in this State. (Voorhies' Code, Ed. 1864, pp. 864–5.)  Rule thirty-five contains provisions similar to our statute with reference to waiving the right to a statement.  It is as follows : " If the party shall omit to make a case within the time above limited, he shall be deemed to have waived his right thereto ; and when a case is made, and the parties shall omit within the several times above limited, the one party to propose amendments, and the other to notify an appearance before the Justice or referee, they shall respectively be deemed, the former to have agreed to the case as proposed, and the latter to have agreed to the amendments as proposed."   Upon the subject of improperly filing a " case," after the right is waived, Whittaker, in his work on Practice under the code, says : " If, on the contrary, the moving party, after loss of his right to have the case and amendments settled, should file, or attempt to proceed upon the former in its original form, a special motion to take it off the files will be proper."   He does not cite any authority, but, doubtless, grounds his statement of the remedy upon the good sense of the thing, and the unquestioned practice in that State.

It is said, however, that the Practice Act does not provide for striking out statements, and the practice is out of the line of the methods indicated.   The reason of the absence of any express provision to that effect seems obvious enough to my mind.   The law does not contemplate any irregular proceedings.   It provides for a regular course of judicial proceedings, and contemplates that the course indicated will be pursued. It does not presume that a statement on motion for a new trial will be filed without a previous notice of intention to move duly served, or after the time allowed by law has expired, and the right has been waived, or, that it will be filed in any instance without authority of law, and, therefore, does not make any express provision for dealing with such a case. Nor is any required.   The power to purge its files and records

of all matters which have been illegally placed upon them, is necessarily inherent in the very constitution of all Courts.

If this is not good practice, there is, of course, but one alternative left—the one suggested in the opinion of my associates—to treat the statement as though it was regularly and properly filed, notwithstanding the fact that it is illegally on the record, placed there without the shadow of right, and to be ultimately entirely disregarded; go through the labor— and sometimes very arduous and annoying labor—of preparing and serving amendments, serving notice of settlement, requiring the Judge to devote a few hours, or days, as the case may be, to its settlement; also as much time as may be necessary to the argument and determination of the case upon the matter in the statement, as well as the regularity of the proceeding, and then bring it to this Court, and upon preliminary motion have the entire statement, as finally settled after so much labor, struck out because the original statement served was filed without a notice of intention to move for new trial, or after the time had expired, or because the document in the record is no statement. I do not suppose a term of this Court has passed since its organization, without striking out one or more statements on motion for new trial on these very grounds—because they were improperly filed, and had no proper place in the records of the Court from the beginning. (*De Castro* v. *Richardson*, 25 Cal. 49.) "It is manifest the statement was not prepared and filed within the time prescribed by the statute, and consequently it forms no part of the record." (*Ryan* v. *Dougherty*, 30 Cal. 221.) A statement without legal notice of motion for new trial cannot be " annexed to the record of the judgment or order from which the party may appeal." (*Flateau* v. *Lubeck*, 24 Cal. 366.) If it forms no part of the record, why compel the Court below to treat it as a part of the record, and put the parties to the expense of bringing it here? Why not meet the intruder at the threshold, by striking out the document as soon as it appears, without imposing on the counsel and the District Judge this accumulated burden of useless labor, and saddling

the cost upon the litigants? Has this Court any greater power in the premises—any greater power to strike out—than the District Court? If so, where is it to be found? I confess I am unable to perceive any good reason for holding the practice of striking out statements illegally filed, which has heretofore very generally prevailed, to be irregular. On the contrary, it appears to me to be an entirely regular, convenient, speedy and proper mode of disposing of them. It enables the party aggrieved to raise the objection at once, and, if found to be well taken, both parties and the Court avoid, in many instances, a vast amount of unnecessary labor, and a large amount of costs are saved to the litigants. A second appeal may possibly sometimes, but very rarely, be required under this practice.

The striking out of a statement which has been improperly filed in no way interferes with the regular proceedings on a motion for a new trial. It is a proceeding interlocutory to the order granting a new trial. The striking out of the statement takes away those grounds necessary to be presented by statement, but not necessarily all the grounds upon which the application, or motion for new trial may be subsequently made. Only three causes, out of the seven, for which a new trial may be granted, depend upon or have any relation to a statement. (Prac. Act, Sec. 194.) The motion is often, perhaps usually, made on some of the other four grounds, as well as those required to be presented by statement. In such case, the striking out of the statement takes away a portion of the basis upon which the moving party intends to rely. He may still obtain a new trial on the other grounds. His statement is not his motion or application. It simply contains the grounds, in whole or in part, upon which the moving party relied to sustain his motion. In *Jenkins* v. *Frink*, 27 Cal. 339, we said that the third step in a proceeding to obtain a new trial is: "The motion, or, in the language of the statute, ' the application for new trial,' which ' shall be made at the earliest period practicable after filing the affidavits or state-

ments.' (Sec. 196.) 'An application for an order is a motion.' (Sec. 515.) The motion, then, is a distinct and separate step in the proceedings, and subsequent to the notice of intention to move, and to the filing of the statement." Striking out the statement is not a disposition of an application or motion for new trial, and does not prevent a prosecution and final disposition of the motion by an order granting or denying it. It may be granted on other grounds. If, however, the moving party has no other grounds than those presented by the statement, his motion, if he still makes one, will undoubtedly be denied; but there is no final and appealable order till a ruling denying or granting a new trial is made; and there is nothing in the way of prosecuting the motion till the order is obtained. It may as well be done when there are no grounds, other than those required to be presented by a statement, as when there are other grounds.

But it is said that an appeal from the order denying a new trial after striking out the statement, is, in effect, an appeal from the order striking out, as that is the only order reviewed. The same may be said with equal propriety of the case of an order sustaining a demurrer to a complaint, but which goes no further. ·The order is only interlocutory, and not appealable. The party desiring to appeal must prosecute the matter to a judgment against himself or he cannot appeal. (*Moulton* v. *Ellmaker*, 30 Cal. 429; *Moraga* v. *Emeric*, 4 Cal. 308.) And when the appeal from the final judgment is taken, the interlocutory order sustaining the demurrer only is reviewed in the same sense as the order to strike out a statement is reviewed on appeal from the order denying a new trial. The two cases are parallel, and I am not able to perceive that there is any greater absurdity in the necessity for prosecuting the proceeding to the final order in the former case than in the latter; and I am not aware that any objection has ever been urged to entering final judgment after overruling the demurrer, and then appealing from the final judgment because the interlocutory order was really the one to be reviewed.

I also think my brethren in error in supposing that, if a

statement is erroneously stricken from the files, the moving
party is without remedy. To my mind the remedy is plain.
The statement on motion for new trial only brings into the
record those matters which transpired during the trial and
which affect the verdict. When the motion is heard on a
statement duly prepared and filed, the statement is the only
one necessary on an appeal from the order granting or deny-
ing a new trial. But there may be matters affecting the order
which have no place in the statement on motion for new trial,
or anywhere else in the record, except in a statement on
appeal from the order. And, whenever such a case arises, the
party appealing is entitled to make a statement on appeal
under section three hundred thirty-eight : "When the party
who has the right to appeal wishes a statement of the case to
be annexed to the record of the judgment *or order*, he shall,
within twenty days after the entry of such judgment or order,
prepare such statement," etc. Then follow provisions for set-
tling the statement, and section three hundred forty-two pro-
vides that " A copy of the statement shall be annexed   *   *
if the appeal be from an order, to a copy of such order."
These provisions mention orders generally, and include all
orders appealable under section three hundred forty-seven—
orders granting or denying new trials, as well as others—if
" the party who has the right to appeal wishes a statement of
the case to be annexed to the record of the   *   *   *   order."
There is no exception made. Under this provision the party
could make a statement after the order granting or refusing a
new trial is made, in which he could state the matters which
have not as yet in any form been made record—as the making
and filing of a statement, the motion to strike out, the grounds
of the motion, the order thereon and his exception to the
ruling, and the subsequent denial of the motion for a new
trial. If the motion to strike out is on the ground that no
notice of new trial has been given, or that the statement has
not been filed in time, it is not even necessary to insert the
statement filed. (*Harper* v. *Minor*, 27 Cal. 115.) The ques-
tion would be not on the sufficiency of the statement, but on

the right to file, and it would only be necessary to state so much as would be necessary to present that question.  Even where the question is as to the sufficiency of the statement, it is generally on the ground that there is no specification of the grounds upon which the party intends to rely on his motion, or that the grounds are insufficiently specified.  In such cases the statement on appeal from the order granting or denying a new trial need only state that there was no specification of grounds, or set out the grounds when claimed to be insufficient.  This Court could then see if there is a sufficient specification of the grounds relied on to form the basis of a statement as the term is construed in *Hutton* v. *Reed*, 25 Cal. 485, and justify the introduction of the testimony or other matters necessary to explain or point them.  If there is no specification at all, of course that ends the matter.  By pursuing this practice the record on appeal would generally consist of but very few pages, while by pursuing the other course suggested in the prevailing opinion, it would be necessary to bring up the entire statement on new trial, which sometimes consists of some five hundred to two thousand printed folios.  *Harper* v. *Minor* affords a good illustration.  (See 27 Cal. 115.)  Can there be any question as to what mode of proceeding is the cleanest, most speedy, convenient, and least laborious, vexatious and expensive?

But if I am wrong in supposing that the aggrieved party is entitled to make a statement on appeal from the order, and the consequences suggested in the opinion of the Court must follow the practice of striking out, that is to say, that there will be no remedy, then, in many instances the same objections apply with equal force to the practice recommended by my associates, and the same consequences must follow.  Suppose a contest arises, whether a notice of intention to move for a new trial has been served at all, or, if served, whether served in time, or whether a statement has been filed in time.  These questions often arise from various causes, such as defective attempts to make service personal, or substituted; mistakes and disputes about dates; mistakes in orders extending

time, or failures to procure orders supposed to have been obtained; questions as to genuineness of signatures to admissions of service, etc. We have had numerous illustrations in cases before this Court. The notice or statement filed may appear upon its face upon the evidence indorsed to be in time and regular. In such cases the party objecting on the ground of failure or irregularity must almost always present his objection by affidavit, or other evidence not of record, and the other party meets the case by similar evidence. How are these matters to get into the record to be presented to this Court? They are no part of the statement or motion for new trial. Section one hundred ninety-five prescribes the contents of that document, and it embraces nothing that did not occur during the progress of the trial and previous to the verdict. They are no part of the affidavits provided for in section one hundred ninety-four, to present the grounds of new trial designated in the first four clauses of section one hundred ninety-three, and no part of the documents designated in section one hundred ninety-five to be used on the appeal. An exception within the meaning of that term, as defined by sections one hundred eighty-eight and one hundred eighty-nine, can no more be taken and preserved upon them than on a ruling of the Court on a motion to strike out a document irregularly filed. If these sections are to be construed strictly, as my associates seem to hold—and in this construction I am inclined to concur—they only refer to matters which occur during the progress of the trial; that is, from the beginning to the end of the trial—from the calling of the case for trial to the rendition of the verdict. These only, upon the construction given, would seem to be the exceptions which are to be annexed to the judgment roll, under section two hundred three. But they do not embrace the matters under consideration. There is no mode provided for getting such matters into the record, except by a statement on appeal from the order, such as I have indicated, and if that mode is inadmissible, then, the party is without remedy in all cases, where the objection to the statement is presented by affidavit, or docu-

ments and evidence of any kind not in itself record, and, as before said, the objection lies, in these instances, with as great force against the practice recommended by my associates, as against that which has heretofore prevailed, but which is now, for the first time, condemned.

It is further said, that motions for new trials rest on a record made and settled before motion had; that we can only review the action of the Court below on the same record; and that there is, consequently, no occasion for a statement on appeal from orders granting or refusing new trials. This is doubtless true, when all the errors or rulings sought to be reviewed on appeal occurred before the verdict or finding, and are presented in the settled statement on motion for new trial—that is to say, when the rulings complained of are in the record upon which the Court below acted. But sometimes they are not in the record. The statement on motion for new trial is to contain only the grounds upon which the party intends to rely particularly specified, and " so much of the evidence, or a reference thereto as may be necessary to explain the particular points thus specified, and no more." (Sec. 195.) When the parties cannot agree, the statement must be settled by the Judge. In settling the statement he acts judicially. The moving party may have introduced matter to which the other party objects as irrelevant to the points specified, and he, in turn, offers amendments to which his opponent objects on the same grounds. The Judge must rule upon the matters, either admitting or rejecting, as he shall adjudge the right to be. It is his duty to exclude irrelevant matter. (*McMinn* v. *Whelan*, 27 Cal. 321.) He may err in these rulings, as well as in others, and the statement, as finally settled, may bear but a faint resemblance to that originally proposed. But it is the statement as settled and certified—the result of the judicial contest, and the rulings of the Court in the process of settlement, and not the statement, as first proposed, or the means by which the result is attained, that constitutes the record upon which the Court finally acts, in granting or denying a new trial. It is this result alone—

this settled statement—that is recognized as the record by
section one hundred ninety-five.   The contest upon affidavits
or other evidence over questions of time, due service of
notices, or filing of statements and the ruling of the Judge
upon them; the litigated points in the efforts of the parties to
introduce, or exclude evidence as material or irrelevant to the
points specified, and the rulings of the Judge upon these
points, have no place in the settled statement, or anywhere
else in this record made.   The statement, like the finding of
the Judge upon the trial of the issues of fact in the case, is
the result of litigation—the former in settling, the latter in the
trial—but the rulings in the progress of the proceedings are no
more made to appear in one case than in the other.   The
record discloses the result in both cases—a settled statement
in one, and a finding in the other—but it does not in either
case disclose the rulings, or the matters upon which the rul-
ings are based, which produced the result.   This Court on
appeal can only see the settled statement.   It cannot view
the proposed statement as originally filed; or the amendments
offered by the other party; or the prefatory matter intro-
duced, as suggested in the prevailing opinion, to guard against
the waiver of any right; or know by what means, or upon
what erroneous rulings, all these—to use the expression of an
eminent English Judge—were "licked into shape" of a set-
tled statement.   They are no part of the record upon which
the Court acted, when it came to consider the motion for new
trial.   Those rulings, if erroneous, have worked their mischief
and quietly dropped out of sight.   The settled statement may
be regular upon its face, and clearly support the order grant-
ing or denying a new trial based upon it.   If so, this Court
must necessarily affirm the order, when that record alone is
brought up.   Yet there may have been one or more of the
rulings indicated, which wholly vitiated the statement as set-
tled—the record upon which the motion was decided—and
produced a judgment just the reverse of what it should have
been.   We have, then, in the case supposed, one or more
errors, upon which an appealable order finally determining

the rights of the parties to the action alone rests, and, as yet, no record by means of which the errors can be presented to this Court for review. Is there no way of reaching them? As we have seen, section one hundred ninety-five prescribes no mode by which these erroneous rulings can be brought into the record. It only provides for those matters which arose in a prior stage of the contest before the verdict. I do not understand my associates to be of a different opinion on this point. They expressly hold that the Practice Act does not authorize a bill of exceptions to be made and annexed to the record of the order for the purpose of bringing into the record matters not disclosed by the settled statement; and that a statement on appeal from the order is equally inadmissible. No other mode of making these matters record is pointed out by them, and my examination of the Practice Act discloses none. Upon the theory adopted, then, it must result, it would seem, that there are, or may be, errors in the course of judicial proceedings resulting in a final erroneous determination of the action, which ought to be reviewed, but for the review of which, the Practice Act has failed to provide. Yet it has provided an appeal to enable this Court to review that part of the record made which discloses no error in the case supposed, but which was itself the result of those very errors which have been withdrawn from scrutiny, or rather, which the methods of procedure adopted have failed to present for examination. Upon the theory that the appellant is not entitled to make a statement on appeal, under section three hundred thirty-eight, to present these rulings, we have errors vitiating the order from which the appeal is taken, without a record to disclose them—the very kind of a case for which a statement on appeal from all other orders was provided. There may, then, sometimes be, in actual practice, occasion for a statement on appeal from orders made upon a statement before prepared, in the preparation of which error intervened, which errors the record already prepared does not disclose.

Again: the practice of striking out statements on motions

for new trials is now condemned as unauthorized. It would, therefore, henceforth be regarded as error. The practice prevails, however—so much at least must be conceded—and our decision may be overlooked, and statements may still be struck out. Suppose such an instance occurs. The party aggrieved will be entitled to have the error corrected on appeal. He cannot appeal from the order striking out. That point is settled. It would be absurd, say my associates, to prosecute the motion and obtain a ruling on it, when there is nothing left for it to rest upon, and then appeal from the order denying a new trial. Besides, if he should, under the decision in the present case, we must necessarily affirm the order. The motion was not based upon anything, and there is no record presenting the previous ruling striking out the statement filed. A bill of exceptions is held to be unauthorized; a statement on appeal equally inadmissible, and there is no other mode appointed for presenting the ruling for review. The only remedy that occurs to me is that adopted in this case—*advice;* and the advice may well be regarded as extra-judicial, for we have dismissed the appeal for want of jurisdiction, and the subject matter of the advice is in no way before us. We have in several instances before declined to express an opinion on matters not embraced in any record before us, even when urged to do so by counsel. This Court, it would seem, is powerless to correct the irregular practice, for the reason that there is no mode of presenting the question for review in such a manner as to enable it to render an authoritative decision, and enforce it by a mandatory judgment. If it is error to strike out a statement on motion for a new trial under every conceivable state of facts, the party aggrieved ought certainly to have some means of presenting the erroneous order to this Court for correction by an authoritative judgment; and if there is none, the Practice Act is inadequate to accomplish the objects for which it was designed.

I confess, it seems bordering on presumption to still persist in maintaining my views, after they have been so confidently

pronounced absurd by my brethren. Yet, after a careful consideration of the prevailing opinion, with due submission, I still think the plain, unembarrassed remedy in all these cases, is, by statement on appeal from the order granting or denying a new trial. The Practice Act I believe to be fully adequate to accomplish all the purposes for which it was designed.

There are many rulings in the progress of a cause previous to a trial, and perhaps in other stages of the proceedings, which are liable to be erroneous and which a party is entitled to have reviewed, but which he cannot make the subject of an exception, as the term is used in sections one hundred eighty-eight and one hundred eighty-nine of the Pactice Act. The same is also true in respect to the various appealable·orders; and, in my view, the office of the statement on appeal, either from the judgment or order, is to enable the party aggrieved to bring into the record in this mode those matters which are not made record in any other designated mode. The statement on appeal from all appealable judgments, and orders, is the medium provided by law for presenting for review in this Court every ruling of the Court below affecting the judgment or order from which the appeal is taken, from the first inception of the suit, or proceeding, to the final judgment or order, where the question does not arise on the judgment roll, or is not presented in some other mode specifically prescribed by statute. It is the peculiar office of the statement on appeal to present those matters for which no other specific provision is made. *It was designed to cover other grounds and reach other errors, than those presented by a statement on motion for a new trial.* Some of the rulings on questions of law embraced in a statement on motion for new trial may, it is true, also be presented by bills of exceptions and statements on appeal from the judgment; *but the general purpose of statements on appeal, both from judgments and orders, is to provide for errors in other portions of the field of litigation than those covered by statements on motions for new trial.* We substantially so held, as I think, in *Harper* v. *Minor*, 27 Cal. 109. This mode, I also think, includes those objections taken to

statements on motions for new trial, depending upon matters shown by affidavits, and other evidence *dehors* the record made, and those rulings made in the process of settling the statement, and of which there is no other mode provided for making a record. And this, it seems to me, is a plain and simple mode of making up the record of matters which parties desire to have reviewed, in which each party has an opportunity of introducing everything which will tend to illustrate his views of the case. (*Abbott* v. *Douglas*, 28 Cal. 299–301.)

As we have seen, no mode of bringing many matters of the kind before indicated in this opinion into the record is suggested in the prevailing opinion, and, as it is fair to presume one would have been suggested, had any occurred to the minds of my associates, I think it may be safely concluded, that there is no remedy in those cases, unless the view maintained in this opinion is sound. Now, the general methods of the Practice Act for making records of matters not otherwise provided for, is, by statement on appeal from the judgment, or order, which is the subject of appeal. Section three hundred thirty-eight so expressly provides, and this is not attempted to be controverted. The provisions of this section apply to every appealable judgment and order, unless an appeal from an order granting or denying a new trial be an exception. This I do not understand to be disputed. A statement on appeal from such order, for the purpose of bringing into the record those intermediate rulings and matters affecting the order not otherwise presented, is, therefore, in entire congruity and harmony with the methods prescribed by the Practice Act with reference to every other appealable order. Whether the method be good or bad, it is the one prescribed, and, I may be permitted to say, I think it both simple and good. If it is good as to other orders, it must be good for accomplishing the same purpose on appeals from orders granting and denying new trials. No substantial ground for a distinction is apparent to my apprehension. Nor, if I read section three hundred thirty-eight aright, is any distinction made by statute. The language

is: "record of the judgment or order," without saying any particular order, and is as applicable to the orders under consideration as to any other appealable order. No exception is made in this section, or any other brought to my notice. If it does not apply to orders granting and denying new trials, then those orders are exceptions to the general methods prescribed by the Practice Act—out of harmony with the general system—and it seems reasonable that it should devolve upon those who allege the exception and incongruity, to show the exception by some express provision, or some plain, unquestionable, necessary implication from express provisions. I do not wish to speak too confidently. I may—perhaps I ought to say must—be mistaken; but this, it does seem to me, my associates have utterly failed to do.

It is suggested that the utter absurdity of the view maintained in this opinion will be apparent by tracing the proceeding one step further—that the same difficulty might occur in making a statement on appeal that arose in making the statement on motion for new trial, and statement might follow statement *ad infinitum*. It is, perhaps, a sufficient answer to this suggestion to observe, that the statute provides for nothing beyond a statement on appeal from the order upon motion for new trial. The statement can only reach those matters prior to and affecting the order. The order granting or denying a new trial is the last appealable order in that line of proceeding. There must be an end of statements, as of all things finite, and this is the end of the law in that line of procedure. It may be said, that there may, then, at last, be an error without a remedy. Be it so. *Ita lex scripta.* But the view maintained in this opinion has, at least, this advantage over that of my associates: an opportunity is afforded by it to review and correct all errors of every kind which intervened in the prior stages of the proceedings in any way affecting the order from which the appeal is taken; and this opportunity can only be lost by some further blunder subsequent to the order. I apprehend that, in practice, the liability to go on repeating in the statement on appeal from the order deny-

ing a new trial the errors which had before occurred, is more imaginary than real. The necessity for a statement on appeal from these orders usually arises from some slip, mistake, loose practice or want of precaution in the proceeding to make a statement on motion for new trial, and the party cast is not likely to repeat it in the subsequent stages of the same proceeding, after having once suffered the inconvenience resulting from his action. The statement on appeal, also, would ordinarily cover only a few points—a very narrow field—and chances for error would, consequently, be exceedingly limited. A reasonable opportunity to correct the errors affecting the order has at least been afforded, and the liability to go on repeating errors is so small, that the law-making power has not seen fit to pursue the subject of remedy further. Is it not possible that the suggestion I am now considering pushes the possibilities of error without remedy to an *absurd extent* in pursuit of an *absurd consequence,* to aid an argument otherwise unsatisfactory ?

An order striking out a statement on appeal from a final judgment would be appealable, because such an order " is a special order made after final judgment," within the meaning of section three hundred forty-seven. It is a special order, and it follows the judgment in the same line of proceeding. Upon such appeal the party appealing would, undoubtedly, be entitled to have a statement on appeal annexed to the order under section three hundred thirty-eight; and in this way he could make a record of the rulings upon which the order striking out ultimately depended. And I see no reason why a party is not entitled to appeal from all special orders after final judgment, and annex a statement showing an error complained of, so long as the Court continues to make them. So the statute provides.

In *Harper* v. *Minor,* 27 Cal. 109, there was also an appeal from an order striking out a statement on appeal from the final judgment, as well as from an order dismissing motion for new trial. This Court affirmed the order striking out the statement, and in so doing necessarily recognized the practice

of striking out as being regular and proper. We said, "There is no error in striking out the statement, and the order must be affirmed." (Ib. 115 ; see also, *Levy* v. *Gettleson*, 27 Cal. 686.) If it is regular to strike out a statement on appeal which has been improperly filed out of time, it must, of course, be proper to strike out a statement on motion for new trial upon similar grounds. It is true no question was made by counsel in that case as to the regularity of the practice of striking out statements. Neither has any such question been raised by counsel in this case, nor, so far as I am aware, have counsel on any occasion in this Court, or elsewhere, questioned the regularity of the prevailing practice. Nor has this Court before done so. (*Vilhac* v. *Biven*, 28 Cal. 412 ; *Loucks* v. *Edmondson*, 18 Cal. 203 ; *De Barry* v. *Lambert*, 10 Cal. 503 ; *Ketchum* v. *Crippin*, 31 Cal. 365 ; *Pendegast* v. *Knox*, *ante*, 73.) I trust it may, without disrespect, be added that it seems to me to be very late to discover, for the first time, that the practice in question is irregular and mischievous. I am still of opinion that the practice is regular ; but if not, I think it ought to be made so by further statutory provisions.

While I think a motion to strike out a statement improperly filed correct practice, and in very many cases the simplest, most convenient, cheapest and best mode, I am free to admit that there are, perhaps, instances where prudent counsel might think it best or safest for them to pursue the mode indicated in the prevailing opinion. Counsel might not feel quite sure of their ground, and think it desirable to have the questions arising on the merits determined in the same appeal in case the decision upon the objections to the statement should finally be against them, or they might be unwilling to risk the loss of some right by failing to present amendments, and for that reason take their objections and still go on with the settlement of the statement in the usual way. If counsel are disposed to pursue that course, I know of no valid objection to their doing so. I think counsel would be entitled to pursue either course, as the exigencies of the particular case might seem to them to require.

In the case of *Harper* v. *Minor*, one appeal was from the order dismissing plaintiff's motion for new trial. No point was made as to its being an appealable order, and our attention was not called to the question. It is not so clear that such order is not appealable. We have never decided that it is not, and I am inclined to think it is. An order dismissing a motion for new trial would be a final disposition of the motion, and possibly a substantial denial of the motion rendering it appealable. It is certainly very different, in its effect, from an order striking out a statement, for in the latter case there might still be other grounds presented by affidavits filed in time. The striking out of a statement improperly filed, or the striking out of affidavits alone, filed too late, would not necessarily in all cases result in a denial of the motion. At all events it is not a denial or final disposition of the motion, and if the party aggrieved desires to appeal, he should still make his motion and obtain a ruling upon it. Section one hundred ninety-six requires that " the application for a new trial shall be made at the earliest practicable period after filing the affidavit or statement." Suppose a party should fail to prosecute his motion with diligence, and the Court should dismiss it for want of prosecution, would this be an appealable order? It would be a final disposition of the motion, but no more so than in case of dismissal on the ground that a party had failed to be sufficiently diligent in filing a statement or affidavits—for failing to file them in time. The District Court dismissed a motion for a new trial in *Eckstein* v. *Calderwood*, 27 Cal. 413, for failure to prosecute it with due diligence, and this Court entertained the appeal and affirmed the order of dismissal, but no point was made as to the order being appealable. It was, as before remarked, at least a final disposition of the order. Judgments dismissing actions for want of prosecution are often entered, and appeals have been entertained from such judgments; and it must be on the ground that the judgment is, in effect, a final disposition of the case. But I have not alluded to this question with a view to express any opinion upon the question,

but merely to suggest that the effect of an order dismissing a motion for new trial is substantially different from an order striking out a statement.