| 34 | 611 |
|----|-----|
| 122 | 477 |

</div>

## GEORGE SHARP *v.* GEORGE LUMLEY AND THE BAY SUGAR REFINERY COMPANY, *et al.*

Defective Specification of Ground for New Trial.—On an appeal by a defendant from an order denying a new trial, among the grounds for the motion was, " error in disregarding the evidence offered by defendant to show the title to the lands in dispute to be in him, and in sustaining either or any of the objections made by the plaintiff to the admissibility of said evidence, or any part thereof." This form of specifying the grounds of the motion disapproved, but the point considered on appeal under the peculiar circumstances of the case.

Decision as to Admissibility of Evidence—When Reserved.—When, in the progress of a trial, evidence is reserved, subject to further consideration and future decision as to its admissibility, it is the duty of the Judge, when the decision is made, to distinctly and expressly rule upon it, one way or the other.

---

---

Such reservations should not be made without the consent of parties, in cases where the consequences of the ruling might be obviated by other evidence by the party against whom the ruling is finally made.

JUDGMENT ROLL—EFFECT WHEN NOT MADE UP.—The judgment roll is only required to be made up by the Clerk after the entry of the judgment, but execution may lawfully be issued and enforced so soon as the judgment is entered, and before the filing of the judgment roll.

IDEM—WHEN OFFERED IN EVIDENCE.—When all the necessary papers to constitute the judgment roll in a foreclosure action existed, but were never attached together in the form of a roll: *held,* that they were admissible in evidence in support of a title to property acquired under a sale thereof as directed by the judgment therein.

IDEM—NOTICE OF *lis pendens* AND ACTUAL NOTICE. — The object of filing a notice of *lis pendens* is to impart constructive notice of the pendency of such foreclosure action; and the effect of actual notice thereof, to a party receiving it, is the same as if notice of *lis pendens* had been filed.

WHAT CONSTITUTES ACTUAL NOTICE.—Where, in the schedule attached to a petition of the mortgagor in insolvency, which was filed after the action of forclosure was commenced, there was contained a description of the mortgaged premises and of the mortgage, also the further statement, "suit for foreclosure commenced;" and the order of the Judge before whom the insolvency proceedings were pending, provided "that all actions now pending may be prosecuted to judgment:" *held,* that notice of the action to foreclose was thereby imparted to the assignee of such insolvent, and to all parties purchasing from him, and they are bound by the judgment in the action for foreclosure, if it be valid.

WHAT ESSENTIAL TO VALIDITY OF JUDGMENT ON COLLATERAL ATTACK.—Where the record in an action for foreclosure contains an admission of service indorsed on the summons, purporting to be signed by the defendant—a default duly indorsed, and the judgment recites "service duly proved:" *held,* that this is sufficient to establish the validity of the judgment against a collateral attack.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

The facts are sufficiently stated in the opinion of the Court.

*Earl Bartlett,* for Appellant.

*G. F. & W. H. Sharp,* for Respondent.

By the Court, SAWYER, C. J.:

Action to recover a lot in San Francisco. Both parties derive title from one M. A. Correa—the plaintiff, through a sale by the assignee of Correa in a proceeding in insolvency; and the defendant, Lumley, under a sale in a suit foreclosing a mortgage given by Correa anterior to his filing his petition in insolvency. Plaintiff had judgment, and defendant, Lumley, appeals from the judgment and the order denying a new trial. The only difficulty we have in this case, is, the indefinite condition of the record with reference to the specification of the fifth ground for new trial, viz: error "in disregarding the evidence offered by defendant, Lumley, to show the title in said premises to be in him, and in sustaining either or any of the objections made by the plaintiff to the admissibility of said evidence or any part thereof." This is not very specific, and the portion of the statement intended to illustrate the ground indicated is, also, defective. The testimony referred to consists of the papers constituting the record of the judgment in the foreclosure suit, the evidence of sale under the judgment, and deraignment of title under it. The statement shows that plaintiff's objection to several portions of the record in detail were overruled, but, at the close of his chain of title, it is stated that all of the above papers were admitted, "subject to the opinion of the Court." This must mean subject to the opinion of the Court as to the admissibility in evidence, or validity of the proceedings. Immediately following it is said: "The Court took the case under advisement, and, on the 12th day of March, 1867, rendered a decision in favor of plaintiff, whereupon a finding" etc. This is the only statement of the conclusion to which the Court came. The statement that the Court "rendered a decision in favor of plaintiff" is very general, and might refer to the general result, or to all the questions taken under advisement. But it is very clear, that the general result could not have been attained without rejecting, or disregarding, the foreclosure proceedings, or, what amounts to the same thing,

holding the same, and the title derived thereunder, to be invalid. Although the point is not so clearly and specifically presented as it should be, we think, upon the whole, the appellant is entitled to have it considered.

We here take occasion to remark, that, whenever a District Judge receives evidence in the progress of a trial, and reserves the question of its admissibility for further consideration, when his conclusion is attained, he should distinctly and expressly rule upon it one way or the other, so that the party against whom the ruling is made can have the benefit of a specific exception. We often find in records evidence received in this manner, subject to be finally received or rejected after more mature consideration, without any clew to the final ruling, other than such as is to be inferred from the general result. It may, also, be added, that questions should not be so reserved without the consent of parties in cases where the consequence of the ruling might be obviated by other evidence on the part of the party against whom the ruling is finally made.

The papers constituting the judgment roll were never, in fact, attached together in the form of a judgment roll, as required by the statute. In this respect, the Clerk neglected his duty, and the technical record was never made up. But this does not vitiate the judgment or proceedings under it. (*Lick* v. *Stockdale,* 18 Cal. 223.) The judgment roll is, in fact, not to be made up till after the entry of the judgment. (Pr. Act, Sec. 203.) And as soon as the judgment is entered an execution may issue. (Pr. Act, Sec. 209.) If an execution may issue, of course it may be enforced. The papers in the foreclosure suit were, therefore, proper evidence, although they were never attached together in the form of a roll.

The foreclosure suit was commenced before the petition in insolvency was filed. The complaint was filed May 1st, 1855. The register shows that a summons issued on the same day, and this would be the regular course. This summons does not appear in the files. As the papers were never in fact attached together, it may have been mislaid or lost, or it may

never have been returned. The schedules attached to the petition in insolvency, also state, that the foreclosure suit had been commenced. The fact that a summons also issued on the first of August, is not inconsistent with the fact that one issued in May. We think it sufficiently appears, then, that the suit was commenced on the 1st of May, 1855. The petition in insolvency was not filed till July 27th, 1855. The commencement of the foreclosure suit was, therefore, first in time. Had a notice of *lis pendens* been filed there can be no doubt, that every party acquiring an interest in the premises subsequent to the filing would have been bound by the judgment in the foreclosure suit without being made a party. (*Hurlbutt* v. *Butenop*, 27 Cal. 56; *Horn* v. *Jones*, 28 Cal. 194; *Haynes* v. *Calderwood*, 23 Cal. 409.) It does not appear that a notice of *lis pendens* was in fact filed. But the object of filing such a notice, is, to afford constructive notice of the pendency of the action. This is the only effect indicated by the statute. (Pr. Act, Sec. 27.) The object being to afford notice, actual notice must certainly be as effectual as constructive notice under the statute. We can perceive no good reason why a party taking an interest in a tract of land pending a proceeding to foreclose a mortgage upon it, with actual notice of the action, should not be bound by the judgment, although no notice of *lis pendens* had been filed. · We think he is, and so hold the law to be.

In this case, in the schedule attached to the petition in insolvency, the debt from Correa to Leigh, and the mortgage upon the land in controversy to secure it, were specifically described, and this statement appended: " Suit for foreclosure commenced." And the order of the Judge expressly provided, " that all actions now pending may be prosecuted to judgment." This order allowed the action for foreclosure to proceed. Thus the assignee in insolvency and all parties purchasing from him, by the record of the very proceedings through which they claim title, had notice of the pendency of the foreclosure suit, and they are bound by the judgment, if the judgment itself is valid. Nothing

appears upon the face of the record in the foreclosure suit, as disclosed in the transcript, to vitiate the judgment on a collateral attack. There is an admission of service, purporting to be signed by the defendant in the action, indorsed on the summons. A default is indorsed, and the judgment recites service duly proved. This is sufficient when the judgment is presented in a collateral proceeding. (*Alderson v. Bell*, 9 Cal. 320; *Hahn v. Kelly, ante*, 391.) We can see no reason why, upon the record as now presented, the defendant, Lumley, did not acquire the title of Correa to the lot claimed by him. The Court below must have disregarded or held invalid the proceedings in the foreclosure suit, on some one or more of the grounds discussed.

We think there should be a new trial. Judgment and order denying a new trial reversed as to appellant, Lumley, and a new trial granted.