[No. 14394.   Department Two. — December 12, 1892.]

HELENA GUMPEL (A. C. FREESE, Substituted), Respondent, v. G. CASTAGNETTO et ux., Appellants.

APPEAL — ORDER REFUSING NEW TRIAL — NOTICE FILED TOO LATE — DISMISSAL — AFFIRMANCE OF ORDER. — A motion to dismiss an appeal from an order denying a motion for a new trial, upon the ground that the notice of motion for a new trial was not given in time, is not proper practice.   In such a case, the objection to the notice of motion is a proper matter for consideration on the hearing of the appeal, and if the notice has not been filed in time, and the record shows that objection is properly made thereto, and not waived, the order denying the new trial will be affirmed without looking further into the record.

NEW TRIAL — NOTICE OF DECISION — TIME FOR NOTICE OF INTENTION. — A notice, "that a decree, a copy of which is herewith served upon you, has been this day entered in the action in accordance with the decision rendered" by the court upon a previous date, giving the substance of the decree, is a sufficient notice of the decision, under section 659 of the Code of Civil Procedure, and the notice of intention to move for a new trial must be served and filed within ten days thereafter, if the time therefor is not extended.

MORTGAGE BY DEED ABSOLUTE — ACTION TO COMPEL RECONVEYANCE UPON PAYMENT — PLEADING — SUFFICIENCY OF COMPLAINT. — A complaint which seeks to procure a decree compelling the defendants to reconvey to the plaintiff a certain city lot formerly conveyed by plaintiff to the defendants by a deed absolute in form, and which alleges that the plaintiff understood that the conveyance was given as security for a certain sum of money, and that she "never intended to make or execute a conveyance absolute to defendants, or to either of them, but was led to believe by them that such paper, purporting to be a deed as aforesaid, was simply a mortgage to secure the said payment," is sufficient to support a decree adjudging that the conveyance was made to defendants as security for certain moneys, and that defendants reconvey the same upon the payment of the money due.

ID. — DECREE FOR PAYMENT BEYOND AMOUNT AVERRED. — The fact that the judgment compels the plaintiff to pay to defendants more than the amount named in the complaint as the sum secured is matter of which the defendants cannot complain upon appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*George D. Collins*, for Appellants.

*H. H. Lowenthal*, for Respondent.

*J. D. Sullivan*, for Substituted Respondent.

McFARLAND, J. — Judgment went in the trial court for plaintiff, and defendants appeal from the judgment, and from an order denying a new trial.

Respondent objects to the consideration of the points made by appellants on their appeal from the order denying the motion for a new trial, and moves to·dismiss said appeal, upon the ground that the notice of motion for a new trial was not given in time. The motion to dismiss, in such case, has been held not to be ·proper practice; but the objection to the notice of motion is a proper matter for consideration on the hearing of the appeal. (*Barnhart* v. *Fulkerth,* 92 Cal. 1ʃ 5.) As was said in *Quivey* v. *Gambert,* 32 Cal. 309: "If the notice and statement, or either of them, is not filed in time, he [respondent] may safely rely upon such facts as fatal to the motion when brought to a hearing." Where the notice of motion has not been filed in time, and respondent presents his objection to it at the proper time and in the proper manner, an order denying the new trial will be affirmed here without looking further into the record.

Appellants contend that in the case at bar respondent did not properly present and preserve her objection to the notice; but we think otherwise. The decree was entered January 29, 1890; it refers to a decision rendered December 9, 1889, but as findings were waived and none made, the reference must have been to some oral statement of the judge of what the judgment would be. On the day of the rendition of the decree, the attorney of plaintiff served on attorney for defendants the following notice: "You will please take notice that a decree, a copy of which is herewith served upon you, has been this day entered in this action, in accordance with the decision rendered by the above court on the ninth day of December, 1889, that defendants reconvey the premises," etc., giving the substance of the decree. This was a sufficient notice under section 659 of the Code of Civil Procedure. More than ten days thereafter, on February 12, 1890, defendant served on plaintiff a notice of intention to move for a new trial; and the bill

of exceptions shows affirmatively "that previous to said twelfth day of February, 1890, the time to serve and file a notice of intention to move for a new trial in this action had not been extended by an order of the court, or otherwise." Counsel for plaintiff accepted service of the notice with this reservation: "Reserving the objection that the within notice is not served within the time allowed by law." The bill of exceptions further shows as follows: "That thereafter, and before the settlement of the foregoing bill of exceptions, and at the time of presenting her amendments thereto, the plaintiff objected to the settlement of said bill of exceptions on the following grounds: 1. That the notice of intention to move for a new trial served and filed in this action was not served and filed, or either, within the time allowed by law; 2. That the defendants did not prepare and serve their bill of exceptions, to be used upon the hearing of said motion, within the time allowed by law; that the court overruled the objections aforesaid to said bill of exceptions, and to the settlement thereof, and allowed the same, to which ruling plaintiff excepted." And it is difficult to imagine what more plaintiff could have done to preserve her rights in the premises. The cases cited by appellant merely hold that if a party desires to take advantage of the failure of his opponent to give notice of a motion for a new trial in time, he must not indulge in acts or omissions which will amount to a waiver of that advantage; and that if he file amendments to a statement or bill of exceptions, and proceeds to its settlement without protest, it will be presumed, either that the time for giving the notice had been properly extended, or that objection on that score had been waived. But no case can be found where such a presumption has been indulged upon a state of facts like that presented by the record in the case at bar. It does not appear upon what ground the court below denied the motion for a new trial. It may be that it was denied upon the objection to the notice; and that the trial judge nevertheless settled the bill of exceptions in accordance with

certain intimations of this court that such is the better practice, so that the whole matter may be reviewed on one appeal, and a writ of mandate or other independent proceeding or appeal avoided. (See *Quivey* v. *Gambert*, 32 Cal. 309.) At all events, the order denying the motion for a new trial must be affirmed, for the reasons above given.

2. The only other question is, Does the complaint warrant the decree? and we think that it does. The purpose of the complaint is to procure a decree compelling defendants to reconvey to plaintiff a certain city lot formerly conveyed by her to defendants by a deed absolute in form. The decree adjudges that the conveyance was made to defendants as security for certain moneys, and that defendants reconvey the same upon the payment of such moneys. It is true that the complaint contains certain charges of fraud against defendants, by which it is alleged plaintiff was induced to make the conveyance; but it is also averred that she understood that it was given as security for four hundred dollars, and "that this plaintiff never intended to make or execute a conveyance absolute to defendants, or to either of them, but was led to believe by them that such paper, so purporting to be a deed as aforesaid, was simply a mortgage to secure the said payment of said four hundred dollars to defendants as aforesaid." These averments, we think, support the decree. The fact that the judgment compels the plaintiff to pay defendants more than the amount named in the complaint is something of which defendants cannot complain.

Judgment and order affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.