## KRITZER *v.* MILLS *et al.*

Where a promissory note is signed by two persons in the same manner, with nothing on the face of the note to show that one was merely a surety, he cannot set up in defence that he was such, and that the plaintiff had not sued in due time, and had given no notice of demand and protest.

APPEAL from the District Court of the Fifth Judicial District.

This was a suit commenced on the following promissory note:

" Three months after date, I promise to pay to John Kritzer the sum of five hundred dollars, with interest, at two per cent. per month, from date.    Value received.

(Signed.)                                  " JOHN MILLS.
                                           "DAVID COUN.
" SHAW'S FLAT, October 8, 1856."

The defendant Coun, in his answer, admits the execution of the note, but alleges that he signed it as surety, and that plaintiff knew that fact at the time of the execution of the note.    He also avers that he was entitled to notice of the non-payment, and that plaintiff did not use diligence, etc., to collect the note from defendant Mills.

On the trial, the defendant Coun offered parol evidence to prove the facts set up in his answer, and the Court allowed the same to go to the jury.

The Court instructed the jury as follows : " If the jury believe from the testimony that defendant Coun executed the note as security, and for the accommodation of defendant Mills ; and that the plaintiff, Kritzer, knew the same at the time of execution, and that defendant Coun did not have due notice of demand and non-payment, they must find for the defendant." To which instruction, plaintiff excepted.

*Heslep, Platt, and Dorsey,* for Appellants.

The Court below erred in admitting testimony tending to show that respondent, David Coun, was surety in the note sued on.

1. Because the contract on which the suit is founded is perfect and complete, and the admission of such testimony tended to change the character of the contract, or create a new contract. 1 Green., chap. XV, §§ 275, 276, pp. 351, 352.    Parol evidence is inadmissible, to vary the terms of a written contract.      ard v. Vischer, 2 Cal., 37.

2. The Court erred in the instructions given to the jury—

*First*—Because the note explained itself, and though he was only surety on the note, his contract as an original promissor was not thereby changed.    1 Story on Prom. Notes; Humphry *v.* Crane and Yale, 5 Cal., 173.

*Second*—Because, if only a surety, the contract was that of a promissor, and this case is not aided by the cases of Lawrence et al. *v.* Lightstone et al., 4 Cal., 277 ; for in that case Lawrence was a guarantor, therefore, his liability was secondary.    So, in the case of Riggs *v.* Waldo, 2 Cal.    In the case, Bryan *v.* Berry, 6 Cal., 394, the question was upon the authority of the agent, who signed the note for the principal, whilst his authority only extended to signing as surety.

*Hunter & McNeil* for Respondents.

Ortman v. Dixen.

The note, sued on, is written in the singular number, but signed by both defendants.

Parol evidence, under exception, was admitted to show that defendant Coun signed the note as surety, and that fact was known to Kritzer.

The evidence did not tend to alter or vary the terms of the note, but merely to show the relation of the parties, and hence the exceptions were properly overruled by the Court.    13 Mass., 131.

When one of two promissors annex the word "surety" to his signature, the description does not alter the legal effect of the contract, but merely indicates the relation in which the parties stand to each other, and notice of such relation to the holder. But the fact of such relation and notice, if to the holder, may be proved by extrinsic evidence.    It is not to affect the terms of the contract, but to prove a collateral fact, and rebut a presumption.    21 Pick., 195.

This Court has heretofore recognized the principle here contended for, doing away with all nice distinctions, and fixing the liability of endorser or surety without regard to where his signature is written, upon the common sense principle, that when his liability is secondary, that fact is known to the holder, he is entitled to all the rights of an endorser.

Burnett, J., delivered the opinion of the Court—Terry, C. J., concurring.

This was an action upon a promissory note executed by defendants.    The defence set up by Coun, was, that he was only a surety for Mills; that plaintiff neglected to bring suit in due time, and that no notice of demand and protest was given.    Mere neglect to sue is no defence.    (5 Cal., 173.)    The defendant Coun was n̶ titled to notice.    The note was signed "John Mills," "Da̶ ."

There was nothing upon the face of the note to show that Coun was a surety, and this case does not fall within the doctrine laid down in the cases of Riggs v. Waldo, 2 Cal. R., 485; Lightstone v. Lawrence, 4 Cal., 277; and Bryan v. Berry, July T., 1856.

Judgment reversed, and cause remanded, and the Court below will render judgment for plaintiff.