MORRIS KETCHUM *et al.* *v.* J. D. CRIPPEN *et al.*

TRANSCRIPT ON APPEAL.—If a case is on the calendar, and submitted for decision on briefs to be filed in vacation, it will require a strong showing to justify this Court, on motion made at the next term, in permitting additions to the transcript to be made of matters before deliberately omitted by the moving party.

APPEALABLE ORDER.—An order refusing to strike out a statement made on motion for a new trial is not an appealable order.   It is not " a special order made after final judgment " within the meaning of sections three hundred and thirty-six and three hundred and forty-seven of the Practice Act.

ORDER TO STRIKE OUT IS INTERLOCUTORY.—An order striking out or refusing to strike out statement on motion for new trial, is interlocutory to the order granting or refusing to grant a new trial, which is the final and appealable order.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

Plaintiffs moved for a new trial in the Court below, and defendants appealed from an order refusing to strike out the statement.

The other facts are stated in the opinion of the Court.

*Clarke & Carpentier*, for Appellants.

*Harmon & Whitney*, for Respondents.

By the Court, SAWYER, J.:

The appellants moved for leave to add other portions of the record in the Court below to their transcript on appeal from an order of the District Court refusing to strike out plaintiffs' statement on motion for new trial. The cause was regularly on the calendar, and regularly submitted for decision at the July term, on briefs to be filed in vacation, and the respondents' brief was duly filed, after which, at the next term of the Court, this motion was made. At this stage of the case it would require a very strong showing to justify the Court in allowing the transcript to be materially changed by supplying other papers which, as in this case, had been deliberately omitted. We do not think any sufficient ground for granting the motion is disclosed by the affidavits presented.

It was stipulated by the parties that the transcript, as it is, " contains all that is necessary for the determination of said appeal, and　＊　＊　＊　is a true and correct transcript on appeal from the said order," and we are of opinion that it contains all that is necessary to present the questions raised by appellant. There is, therefore, no necessity for encumbering the record with other matter. Besides, the order appealed from is not the subject of an appeal, and the case itself is improperly here on this appeal. The order refusing to strike out the statement on motion for new trial is not a " special order made after final judgment," within the meaning of sec-

tions three hundred thirty-six and three hundred forty-seven of the Practice Act. It does not follow the judgment in the same line of proceeding. It is an interlocutory order in the proceedings to obtain a new trial before the motion for new trial has been heard and determined. It may, or may not, be made in point of time after final judgment, but it is in a different line of proceeding in which the order granting or refusing a new trial is the final and appealable order. It does not follow the final judgment, or in any way depend upon it. No appeal from such interlocutory order lies. (*Leffingwell* v. *Griffing*, 29 Cal. 193; *DeBarry* v. *Lambert*, 10 Cal. 503.)

Motion of defendants to add papers to the transcript on appeal from the order refusing to strike out plaintiff's statement on motion for new trial denied, and the said appeal dismissed.