# W. W. PENDEGAST *v.* R. F. KNOX, AND JOSEPH OSBORN.

APPEALABLE ORDER.—No appeal lies from an order refusing to amend an order allowing time to move for a new trial.

IDEM.—No appeal lies from an order striking out a statement prepared and filed on motion for a new trial.

10

Appeal from the District Court, Seventh Judicial District, Lake County.

Plaintiff recovered judgment in the Court below. Defendants applied for and obtained an order, which was entered as allowing them " twenty days time in which to move for a new trial." They moved to have the order amended so as to read " twenty days time to file statement on motion for a new trial herein," claiming that that was the order they applied for and which was granted, but that it was not entered right. The Court found there was a conflict of evidence as to whether the order was entered right, and denied the motion. The statement on motion for a new trial was stricken out because not filed within the statutory time. Defendants had relied on the order as extending the time to file a statement, and did not file their statement within the statutory time. The Court for that reason, on plaintiff's motion, struck the statement from the files. Defendants appealed.

The other facts are stated in the opinion of the Court.

*J. W. Dwinelle,* for Appellants.

The order of Court is what the Court actually determined, and the record is not the order of the Court, unless it is true. (*Frink* v. *Frink,* 43 N. H. 508 ; *Bank of the U. S.* v. *Moss,* 6 Howard U. S. R. 38.)

*P. W. S. Rayle,* for Respondent.

The transcript discloses a conflict of testimony as to what the order of the Court below was. The order must therefore be affirmed. The orders are not appealable.


By the Court, Rhodes, J. :

The defendants have appealed from the order refusing to amend an order previously made, allowing defendants " twenty days time in which to move for a new trial," so as to read

"twenty days time to file statement on motion for a new trial herein."

Also, from the order striking out a statement prepared and filed by defendants on motion for a new trial herein.

The question which first arises, and which, though not presented by the respondents, must of necessity be passed on before proceeding to investigate the other questions in the case, is whether the Court has jurisdiction of the appeal.

The solution of the question depends upon whether the orders can be regarded as special orders made after final judgment, within the meaning of sections three hundred and thirty-six and three hundred and forty-seven of the Practice Act. In *Ketchum* v. *Crippen*, 31 Cal. 365, it was held that the order refusing to strike out the statement, on motion for new trial, was not a "special order made after final judgment," within the meaning of those sections; that whether it did or did not follow the judgment in point of time, it did not follow it in logical sequence, or in any way depend upon it, and that, therefore, no appeal lay from the order. The orders in this case are of the same character as the one in that case, and that case is decisive of this. (See, also, *Leffingwell* v. *Griffing*, 29 Cal. 193; *Peck* v. *Courtis*, 31 Cal. 207.)

Appeal dismissed.