## GEORGE SPANAGEL *v.* A. C. DELLINGER *et al.*

ENTRY OF RECORD AT COMMON LAW, AND MAKING UP JUDGMENT ROLL.—In respect to the general purpose and effect of the entry of judgment at common law, and making up the judgment roll, under our practice, they are equivalent, except in respect to proceedings taken for the purpose of obtaining a new trial.

IDEM—TIME OF MAKING MOTION FOR NEW TRIAL—TERMS OF COURT.—At common law, the judgment was not entered or signed until after the motion for a new trial had been heard and determined; while under our practice the motion proceeds independent of the judgment, mainly upon a record of its own, and may be made before or after the entry of judgment or making up of the roll, or may not be made at the term at which the judgment was entered, and may likewise be made out of term.

IDEM—TIME OF AMENDMENT OF RECORD RESPECTING NEW TRIAL.—The proceedings for a new trial, under our practice, must be considered, in the sense of the common law rule, to be "in paper," or in the "breast of the Judge," and within the Judge's control as to amendment of record thereof, and in respect to such proceeding and record, there is no term of Court, or, if there is, it begins and ends with the motion. *Castro* v. *Richardson*, 25 Cal. 49, so far as holding a different rule, is overruled.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

In this action plaintiff had judgment in the Court below. Defendants moved for a new trial upon grounds set forth in a settled statement on said motion, which motion was denied, and defendants appealed from the judgment and the order denying said motion. In this Court, respondent moved to strike out the statement on said motion from the record on appeal, on the ground that it was not filed in time.

The other facts are stated in the opinion of the Court.

*J. B. Townsend*, for the Motion.

There must be *some* time when the proceedings and decisions of Courts shall become fixed, and not subject to future alteration dependent on memory merely.

The question is, *when*, in this State, under our forms of practice, ought this absolute verity of the records of Courts to commence? No other time can be suggested which will, all things considered, be more suitable, convenient, and consistent with the general theory and principles of the law, than that which has been adopted and established by this Court in *De Castro* v. *Richardson*, 25 Cal. 49. (See, also, *Hegeler* v. *Henckell*, 27 Cal. 491; 2 Va. Cases, 527; 11 Va. 824; 2 A. K. Marsh. 10; 10 Yerg. 546; 15 Ala. 203.)

There was, on the subject of the alteration of the records of Courts, a rule of the common law, which existed long prior to the one above referred to. It was the same rule which has been adopted and hitherto followed in this State. (Coke Litt., Sec. 438, p. 260 *a; Arthur Blackamore's Case*, 8 Coke, 157 *a*.)

" When the proceedings are entered on record, the Courts will amend no further than is allowable by the statutes of amendments." " In order to amend upon these statutes, it is a general rule that there must be something to amend by." (1 Tidd's Pr. 696, 712.) And the same rule is mentioned

by Mr. Justice Story, in the case of *Albers* v. *Whitney*, 1 Story C. C. 312.

The doctrine is settled in this State beyond reasonable question, that the record of a case consists primarily of the judgment roll, and secondarily of such additions thereto (in the form of bills of exceptions, statement on motion for new trial, and statement of case on appeal) as the respective parties having the right so to do, within the time limited by law, and in legal form, prepare and cause to be "annexed" to such judgment roll. (*Johnson* v. *Sepulveda*, 5 Cal. 150; *Branger* v. *Chevalier*, 9 Cal. 352; *Doyle* v. *Seawall*, 12 Cal. 425; *Towdy* v. *Ellis*, 22 Cal. 658, 659; *Harper* v. *Minor*, 27 Cal. 109, 110.)

The following propositions are sustained by the decisions of this Court and the Courts of other States, to wit:

First—All proceedings taken in an action prior to or during the term at which final judgment therein is entered, whether constituting, technically speaking, a part of the record of that judgment, or only affecting it incidentally and collaterally, (including such orders as that extending time to file statement on appeal in the case now before the Court,) become by the expiration of such term unalterable, except as to mere clerical mistakes and misprisions where the record itself furnishes satisfactory proof that they are such, and proof likewise what the proceeding or order in fact was.

Second—The entry in the Minute Book of the Fourth District Court at its May term, 1864, of the order extending time for filing statement on appeal, was not a clerical mistake or misprision, within the legal signification of those terms, for an order extending time for filing statement on motion for a new trial, and that the record in this case furnishes no proof or evidence whatever that it was such.

The case of *Ketchum* v. *Crippen*, 31 Cal. 365, cited by the appellants themselves, is an authority in point, that all such orders are merely interlocutory. (See, also, *DeBarry* v. *Lambert*, 10 Cal. 503; *Harper* v. *Minor*, 27 Cal. 109, 110;

*Haggin* v. *Clark*, 28 Cal. 162; *Leffingwell* v. *Griffing*, 29 Cal. 192.) Where there is nothing in the record by which to amend, it is well settled that an amendment cannot be predicated upon matters *dehors* the record. (*Saltmarsh* v. *Bird*, 19 Ala. 665; *Hudson* v. *Hudson*, 20 Ala., N. S., 364; 2 Stew. 470; *Moody* v. *Keenar*, 9 Port. 252; *Brown* v. *Bartlett*, 2 Ala. 29; *Armstrong* v. *Robinson*, 2 Ala. 164; *Rich* v. *Hathaway*, 18 Ill. 549; *Courson* v. *Herring's Administrator*, 33 Ala., N. S., 553; *Adkinson* v. *Stevens*, 7 A. K. Marsh. 237; *Clark* v. *Lary*, 2 Sneed, 81; *Ketchum* v. *Moye*, 17 Ala. 144; *Broughton* v. *Bank of Alabama*, 6 Port. 62; 24 Cal. 354; *Russell* v. *McDougall*, 3 Sme. & Marsh. 324; *Boon* v. *Boon*, 8 Sme. & Marsh. 322; *Coughrad* v. *Gutcheus*, 18 Ill. 391, 392; *Deslonde* v. *Darrington's Heirs*, 29 Ala. 92; *Noland* v. *Lock*, 16 Ala., N. S., 52; *Daughan* v. *Tombeckbee Bk.*, 1 Stew. 66; *Freeland* v. *Field's Ex'rs*, 6 Call, Va., 12; *Gibson* v. *Wilson*, 18 Ala, 63; *Harris* v. *Billingsley*, 18 Ala., 438; *Ridgeway* v. *Ward*, 4 Humph. 430; *Harrison* v. *State*, 10 Mo. 689; *Compton* v. *Cline*, 5 Gratt., Va., 137; *Burch* v. *Scott*, 1 Bland, Md. Ch. 120; *Metcalf* v. *Metcalf*, 19 Ala. 319; *Kidd* v. *Montague*, 19 Ala. 619; *Van Dyke* v. *State*, 22 Ala. 57; *Andrews* v. *Branch Bank Mobile*, 10 Ala. 375; *Dickinson* v. *Hoff*, 3 How., Miss., 165; *Ellis* v. *Brown*, 1 Pike, 82; *Varnon* v. *Moore*, 1 Mon., Ky., 214; *Botkin* v. *Commissioners of Pick Co.* 1 Ohio, 375; *Green* v. *Dodge*, 3 Ohio, 486.)

*J. McM. Shafter*, against the Motion.

Assuming, for the sake of argument, that the amendment cannot be made unless there is something in the record to amend by, we answer that there is enough in the record to amend by. The order, as made, must necessarily have related to the statement on motion for a new trial. But, even were there nothing in the record to show what order was made, the Court have power, at a subsequent term, to require the Clerk to enter the order which was in fact made. The case of *Frink* v. *Frink*, 43 N. H. 514, is conclusive upon this point.

It is there held that such amendments may be made upon *any competent legal evidence*, and many authorities are there cited in support of the position. But, independently of these considerations, the authorities cited as to the conclusiveness of judgments, and the inability of Courts to amend their records after the lapse of the term, have no application. At common law there was no such thing known as granting a new trial after judgment. After verdict, the prevailing party entered a rule for judgment. The motion for a new trial had to be made within four days after the entry of the rule for judgment, and such motion could not be made after the four days, even by consent of parties. (Tidd's Practice, 903, 912.) If a motion for a new trial were made within the four days, judgment could not be entered until the motion was disposed of. (Tidd's Practice, 930.) It is from this practice that we have derived the notion that a motion for a new trial operates as a stay of execution.

It follows, therefore, that at common law, when judgment was entered, the motion for new trial or in arrest of judgment must have been disposed of—that the losing party must, before the entry of judgment, have exhausted all remedies for the purpose of setting aside the verdict or preventing the entry of judgment. Hence it is that the judgment, when entered, became final. Our statutes allow a motion for a new trial to be made without regard to the entry of judgment, and the motion for new trial is not made to set aside the *judgment*, but the *verdict*. If the verdict is set aside, the judgment falls with it, but the motion for new trial is directed not against the judgment, but the verdict. On appeal from an order denying a new trial, it is unnecessary to insert in the transcript a copy of the judgment. A motion for new trial may be made within ten days after service of notice of the rendering of the decision, without regard to the time when judgment is entered. Our statute allows judgment to be entered *immediately* upon the verdict; but this is without prejudice to the right to move to set the verdict aside and for a new trial, whether judgment be entered or not, for

that is entirely immaterial. The practice and the rights of the moving party, and the powers of the Court, are the same as they were at common law, and whether judgment be entered or not. These views are entirely sustained by this Court in the late cases of *Ketchum* v. *Crippen*, 31 Cal. 365, and *Pendegast* v. *Knox*, 32 Cal. 73.

By the Court, SANDERSON, J. :

The respondent moves to strike out the statement on motion for a new trial, upon the general ground that it was not filed within the proper time.

The facts upon which the motion is based are substantially as follows : On the day upon which the finding or decision was filed, counsel for respondent served counsel for appellant with notice of such filing. Within ten days thereafter the latter served upon the former notice of intention to move for a new trial. Within five days after notice of motion for new trial counsel for appellant applied to the Court for an order allowing twenty days in addition to the time allowed by the statute for that purpose, in which to prepare and file a statement on motion for new trial, which was allowed, but by some mistake the order was entered as allowing the additional time for the purpose of preparing and filing a statement " on appeal," instead of " new trial." Subsequent to this order, and before any further action on the part of the Court was called for, the Court adjourned. At the next term, the mistake having been discovered in the meantime, counsel for appellant moved the Court to amend the order so as to make it conform to the truth, as alleged by him. The Court sustained the motion, and the order was amended accordingly. The statement on motion for new trial was filed in time if the Court had power to make the last order ; otherwise not.

Under the rule in *De Castro* v. *Richardson*, 25 Cal. 49, the Court had no power to make the amendatory order; but

after a careful re-examination of the question we have become satisfied that our conclusion in that case was erroneous. The general rule that a Court cannot amend its record after the adjournment of the term at which it was made, except where the record contains matter to amend by, announced in that case, is correct; but we erred in considering proceedings inaugurated or taken for the purpose of setting aside the verdict and obtaining a new trial as constituting a part of the record of the term at which the judgment was entered within the sense of that rule, which was due doubtless to the fact that the difference which exists between the making of the record at common law and under our practice was overlooked. We said: "At common law, when the proceedings have been entered of record the Courts would allow no further amendments; but by the statute of jeofails and amendments a still further right of amendment was given. The making up of the judgment roll is the equivalent, under our Practice Act, of the entry of record at common law." The former proposition is correct, but the latter is too broad, and therein lies the vice of our decision in that case. In respect to the general purpose and effect of a record, the making up of the judgment roll under our practice and the entry of record at common law are doubtless equivalents; but in respect to proceedings taken for the purpose of obtaining a new trial, they are not the equivalents of each other. The difference lies in the fact that at common law the judgment was not entered or signed until after the motion for new trial had been heard and determined. Hence the record was not made, in the sense of the rule under consideration, until the Court had finally disposed of the whole case, including the motion for a new trial; so that the proceedings on the motion for a new trial did not reach beyond or succeed the entry of judgment and the adjournment of the term, and therefore did not thereafter continue "in the breast or memory of the Judge," but like all the other proceedings in the case, existed in the record already made,

which could not thereafter be altered or amended, except as already suggested. (Tidd's Practice, 903, 912, 930.)

Under our practice the rule is otherwise. The motion for new trial may be made before or after the entry of judgment or the making of the roll (*Ketchum* v. *Crippen*, 31 Cal. 365; *Pendegast* v. *Knox*, 32 Cal. 73); but in either event, as we held in the cases cited, the motion proceeds independent of the judgment, and mainly upon a record of its own, which may or may not be made at the term at which the judgment was entered, and may be made out of term as well as in. (Statutes 1863, p. 336, Sec. 25.) It is unaffected by an adjournment of the term, but proceeds all the same, whether in term or vacation, and remains *in fieri* until the final order granting or denying it is made; and until that time, at least, the record cannot be said to have been made, in the sense of the rule under consideration. Until then, the proceedings must be considered as being "in paper" or in the "breast of the Judge," in the common law sense of those terms, and, therefore, within the Judge's control on the score of amendment. In the sense of the rule in hand, as to a motion for a new trial, under our practice, there is no term of Court, or, if there is, it begins and ends with the motion.

Motion denied.