[No. 7,607.—Department Two.]

F. J. CLARK v. A. M. CRANE, JUDGE OF THE SUPERIOR COURT OF ALAMEDA COUNTY.

EXTENSION OF TIME—NOTICE—JURISDICTION.—An order extending the time to give notice of a motion for a new trial made after the time for giving such notice has expired is in excess of jurisdiction and void.

NEW TRIAL, STATEMENT ON MOTION FOR—PRACTICE.—It is proper to refuse to settle a statement on motion for a new trial where the notice of the motion was made after the expiration of the time allowed for giving such notice.

MANDAMUS—APPEAL.—An order denying a motion to settle a statement on motion for a new trial is appealable; but query, whether such remedy is speedy and adequate, and whether mandamus will lie.

ID.—ID.—PRACTICE—MAXIM.—The law will not enforce a vain thing. Accordingly, mandamus refused to compel a Superior Court to settle a statement on motion for new trial, in a case where the notice of the motion was made too late.

ORDER OF COURT—EVIDENCE—RECORD.—The records of a Court are only evidence to determine what orders have been made in an action.

APPLICATION for the writ of mandamus.

*A. H. Griffith*, for Plaintiff.

*C. N. Fox*, for Defendant.

THORNTON, J.:

This is an application by F. J. Clark for a writ of mandamus to the Hon. A. M. Crane, Judge as above stated, commanding him to proceed to settle the statement and bill of exceptions in the case of the Pacific Mutual Life Insurance Company against the above applicant Clark, and to proceed to hear a motion for a new trial after said statement has been settled.

The following are the facts which appear, and on which this application must be decided. A trial came on in the case above named before the Court (the judge aforesaid presiding) and a jury. A verdict was rendered for the plaintiff on the 8th day of December, 1880, and on the same day an entry of the verdict was made in the minutes of the Court. Immediately after the entry of this verdict, and the same day, the following order was made and entered:

" On motion of the defendant's counsel, it is further ordered that a stay of execution for the space of thirty days be entered."

No other order in relation to any stay of proceedings than this was ever at any time made by the Court.

On the 20th of December, 1880, the attorney of defendant Clark applied to the respondent at chambers for an order granting the defendant five days' further time to prepare and serve notice of motion for a new trial in said cause. On making such application, the counsel stated that it was the last day for giving said notice, and offered some excuse, which was not remembered by the judge, but which he deemed sufficient, for not having made an earlier application. That relying on this statement, and not remembering when the verdict was rendered, he improvidently granted an order extending the time to prepare and serve said notice. By this order made by the judge on the 20th of December, 1880, defendant was allowed five days from said day to prepare and serve the notice aforesaid. On the same day, the judge, on the application of defendant's counsel, made a further order allowing the defendant ten days

from the day just mentioned to prepare and serve a bill of exceptions or statement in the said action.

On the 24th of December, 1880, the defendant served and filed a notice of motion for a new trial; and on the 4th of January, 1881, he obtained from the judge a further order extending the time two days from that day in which to propose and serve a statement on this motion. On the next day defendant served the proposed statement on the attorneys for plaintiff, and on the 15th day of the same month the plaintiff in the cause served amendments proposed by it to the statement. In proposing these amendments, plaintiff reserved the right to object to the hearing of the motion for a new trial, and to the use on said hearing of defendant's said notice of motion and his proposed statement, on the ground that the said notice and statement, and each of them, were not served or filed within the time required by law or any valid order of the judge, and to object on any other grounds as he might be advised, and expressly declined to waive any right in regard to the matters just above mentioned.

On the 18th of January, 1881, defendant Clark duly served notice on the attorneys of plaintiff that he would not adopt the proposed amendments, and that the statement and amendments would on the 24th of January, 1881, be presented to the respondent for settlement. The matter of the said settlement came on to be heard before the Court on the day last named, on which day it made an order as follows :

" PACIFIC MUTUAL LIFE INSURANCE COMPANY

*v.*

F. J. CLARK.

Monday, Jan'y 24th, 1881.

" This cause coming on to be heard on the application of the defendant to the Court to settle the statement on motion for a new trial, the plaintiff by its counsel protested against the Court taking any action thereon, on the ground that no notice of motion for a new trial had ever been given as or within the time required by law. It appearing to the Court that the verdict was rendered and judgment entered December 8th, 1880, that no notice of motion for new trial was given until the 24th of December, 1880, and no order made extending the time for filing notice until December 25th, 1880, the Court now holds it

has no jurisdiction in the matter, and hereby denies said application to settle the statement." This order was entered in the minutes of the Court, and was a Court order.

On behalf of the application for the writ, it is urged upon us that the proceedings on behalf of defendant are all regular, and were in time. As above stated, the verdict was rendered on the 8th of December, 1880, and on that day a stay of execution for thirty days was ordered, on motion of defendant's counsel. No further steps were taken until the 20th of the month named, when an order was procured allowing five days from that date to prepare and serve a notice of motion for a new trial. This order, it is contended by defendant, is regular and valid. As to this, we are referred to § 1,054 of the Code of Civil Procedure. That section provides that "when an act to be done, as provided in this Code, relates to the   *   *   *   *preparation of statements or of bills of exceptions, or of amendments thereto other than of appeal,* the time allowed by this Code may be extended, upon good cause shown, by the Court in which the action is pending, or the judge thereof, etc.; such extension, however, is not to exceed thirty days without the consent of the adverse party."

The party intending to move for a new trial has a period of ten days after the verdict of the jury within which to file with the clerk and serve upon the adverse party a notice of his intention to make such motion. (Code Civ. Proc. § 659.) The language of the section is strong; it uses the words "must within ten days" take this step. If he does not give such notice within the period above mentioned, his right to move is gone. The Court or judge can extend the time under § 1,054 above cited, but such extension must be granted within the period of ten days, or within such other period during which the right to give such notice is still alive. After the right to give such notice is gone, giving further time could not be called an extension of the time, but it would be in effect reviving a right which no longer exists. In other words, when such right to give notice is gone, there is really no period of time to extend. The time ends with the period which the law allows for giving such notice; and when such time ends, to hold that the Court or judge can extend it, would be to affirm that the

Court or judge can dispense with the requirements of the statute. We are all of opinion that the Court properly held that the period of ten days having elapsed when the order of the 20th of December, 1880, was made, extending the time to give the notice of motion, it no longer had jurisdiction in the matter, and that the order was of no force or validity. (*De Castro* v. *Richardson*, 25 Cal. 49; *Leach* v. *Allen*, 2 id. 95.)

The notice given was then, in fact, no notice. As the notice is the foundation of the whole proceeding upon which it must rest, and there being no notice, when the further order was made on the day just above mentioned, extending the time to prepare and serve a statement, such order was likewise invalid.

But it is said that it was the duty of the judge to have settled the statement that the defendant might have an opportunity to prosecute his motion for a new trial, and if denied, bring the whole matter before this Court for review through the process of appeal; and to sustain this contention, we are referred to *Quivcy* v. *Gambert*, 32 Cal. 304. In that case the plaintiff recovered judgment in the Court below. The defendant moved for a new trial, and filed a statement. The Court, on motion of plaintiff's attorney, struck the statement from the files. The defendant appealed from this order. On motion of the respondent, the Supreme Court dismissed the appeal, on the ground that such an order, though made after final judgment, was not appealable, following several cases cited in the opinion.

This would ordinarily have ended the cause in that Court. But the Court entered into a discussion of the proper method of procedure in such cases, and held that the practice of striking out the statement was irregular, and without the sanction of any provision of the statute. The opinion concludes with advising the Court below to set aside its order striking out the statement, and to allow the motion for a new trial to proceed to a hearing on the statement, as if the party moving had complied with the statute in all regards. The party who has recovered judgment is also advised as to the course he should pursue in order to save his right. One of the learned judges dissented from the conclusion reached by his associates. This cause was subsequently reviewed in the case of *Calderwood* v. *Peyser*, 42 Cal. 110. In this cause the Court came to the conclusion

that an order striking a statement from the files of the Court made after final judgment was an appealable order, and as to this point overruled *Quivey* v. *Gambert*, one of the justices who had participated in the ruling thus disposed of dissenting. It is unnecessary to review the reasoning of the opinions in the two cases just referred to, but we are satisfied with the conclusion reached in *Calderwood* v. *Peyser*, which has been acted on ever since. We will merely state here, that the statute at that time, as it does now, gave an appeal "from any special order made after final judgment" (Prac. Act, § 336; Civ. Code Proc. § 939); and that the law-makers seem to have been of opinion that any order was sufficiently within the line of procedure when it came in the order of succession designated in the statute; viz., after final judgment.

If the order before us was one striking the statement from the files, there is then a remedy by appeal, according to the rule established by the case just above cited. This is generally regarded as fatal to an application for a writ of mandate, and has been in this State repeatedly so held. (See *Peralta* v. *Adams*, 2 Cal. 595; *Fremont* v. *Merced M. Co.* 9 id. 18; *Ludlum* v. *Fourth District Court*, 9 id. 13; *Early* v. *Mannix*, 15 id. 149; *People* v. *Sexton*, 24 id. 84; *Clark* v. *Minnis*, 50 id. 509.)

The orders under consideration are special orders, made after final judgment was entered, on the 8th of December, 1880, and the orders in question were not made until the 20th of that month. These orders are likewise appealable under the provisions of the Code. They are as much special as an order striking a statement from the files, and therefore, within the rule of *Calderwood* v. *Peyser*, are appealable. If the facts do not appear on the record, they may be made to appear by bill of exceptions, as was held in *Pieper* v. *Centenella Co.* (56 Cal. 173), and the whole matter brought here by the ordinary process of appeal.

It may be said that where the remedy by appeal is not a speedy and adequate remedy, then the writ of mandate should issue. This was so held in *Merced M. Co* v. *Fremont*, 7 Cal. 130.

Then admitting, for the argument, that the remedy by manda-

mus is the proper one by reason of the fact that the remedy by appeal is not plain, speedy, and adequate, does it follow that the writ must go in such a case as this? Do the facts of the case here presented, entitle the applicant to the writ? We are all of opinion that where the facts show that the Court below has no longer jurisdiction to act in the matter, the writ should be denied. Why compel the settlement of a statement when the facts show that if the statement was settled, the motion heard, and a new trial denied, so that an appeal might be prosecuted from it, the order of the Court below must be affirmed, because the party had lost his right to move? Or if the new trial was granted, that on appeal the order would be reversed, for the same reason. Either result of the appeal must be fatal to the claim of the party moving. The facts are all fully before us on this writ, and they show that the new trial must be denied, because the Court has no longer power over the case. And if such facts show on the hearing of the writ that such must be the result, that the cause must end adversely to the pretensions of the applicant, why not so declare on such application, and re-lieve the parties from any further expense, trouble, and delay in the prosecution of a useless appeal? The facts can be passed on this application as well as on an appeal. It cannot be said that the result would not be the same. Then why not an-nounce such result, adjudge that the party cannot have this writ to order a judge or court to do an utterly vain and useless thing; that the performance of the act sought to be compelled here does not result as a duty from the office, trust, or station of the judge, or rest upon the Court, for the reason that, owing to a non-observance of the requirements of the law as to time, the duty or obligation no longer remains.

Says Mr. Broom, in his very excellent work in explanation and exposition of Legal Maxims, "It is a maxim of our legal authors, as well as a dictate of common sense, that the law will not itself attempt to do an act which would be vain, *lex nil frustra facit,* nor to enforce one which would be frivolous, *lex neminem cogit ad vana seuinutilia.*" The law will not, in the language of the old reports, *enforce any one to do a thing which will be vain and fruitless.*" (See Broom's Legal Maxims, "*Lex non cogit ad impossibilia,*" 6th Am. Ed. 248, 249, citing 3 Johns.

per Kent, J., 598; 5 Reporters, 21; Co. Litt. 127 *b*, cited on argument, 2 Bing. N. C. 121 (E. C. L. R. 29); Wing Max. 600; *R.* v. *Bishop of London*, 212 *a*, as per Willes, J.; *Bell* v. *Midland R. Co.* 10 C. B. N. S. 306, E. C. L. R. 100). The citations show the limitations and application of the maxim. See also *Teel* v. *Sweating*, 2 Johns. 184. As is remarked by Kent, J., in the case above cited from 3 Johns., " It has hitherto been considered as a settled principle, that a court will not undertake to exercise power but when they exercise it to some purpose."

An issue was made by the petition and answer in this cause, as to the orders of the Court below, which are mentioned above, and an order was made by this Court referring the matter to determine what orders were actually made by the Superior Court. The referee seems to have been of opinion that he had to take oral testimony to determine this fact; whereas, an inspection of the records of the Court was only necessary. This Court knows of no authority it has to change the orders of the lower Court in such a case as the one before us, by oral testimony or any other mode. If the order is incorrectly entered, and a correction is desired, the application must be made to the court which made it. We know of no means that this Court has to correct such mistakes if any exist. Every court must be the guardian of its own records; and their correctness must be conclusively assumed in this Court. ·(*People* v. *Judge of Tenth District Court*, 9 Cal. 21.) It was entirely useless to have taken oral testimony as to such orders. The records of the Court were the best and only evidence of the orders made. If any mistake had been made by the Court below in the entry of the orders before us, we have no doubt they would have been promptly corrected by that Court on a proper preceeding. Until such alleged mistake has been corrected by that tribunal, we must accept them as they come to us from the records of that Court.

From what has been said above, our conclusion must be that the writ be denied, and it is so ordered.

MYRICK, J., and SHARPSTEIN, J., concurred.