[No. 715.   August 5, 1897.]

## F. L. PEARCE, Plaintiff in Error, v. W. S. STRICKLER, Defendant in Error.

PRACTICE, TRIAL—ERROR, WRIT OF—TIME FOR TAKING.—Where defendant failed to give notice of intention to file a motion for new trial, the year from final judgment, limited for appeal or writ of error, did not begin to run till the determination of the motion, though judgment was entered on the same day the verdict was returned under the rule of the court requiring it.

ID.—MOTION FOR NEW TRIAL—POSTPONEMENT OF CONSIDERATION.—Where the court entertained a motion for new trial, the mere failure of the court to pass upon the motion within the thirty days required by rule of court did not operate to divest jurisdiction over it, but is rather to be construed as deferring its action upon it for good cause, within its power, to further consider the motion.

*Error*, from a judgment for plaintiff, to the Second Judicial District Court, Bernalillo County. Motion to dismiss writ overruled.

The facts are stated in the opinion of the court.

H. L. WARREN for plaintiff in error.

W. B. CHILDERS for defendant in error.

BANTZ, J.—The question now to be determined arises on a motion to dismiss the writ of error on the ground that it was not brought till more than one year after the final judgment was rendered in the court below. The judgment was entered February 6, 1896. The writ of error was sued out on March 10, 1897, and was lodged in the office of the clerk of the district court on March 20, 1897. The judgment had been entered on the same day the verdict was returned, under a rule of court which required that to be done when the party failed to give notice of intention to file motion for new trial. Rule

29, par. 1.  The motion was, however, filed (February 8th) during the term, and within five days after verdict, as provided by rule.  Rule 29, par. 2.  On February 15, 1896, the motion was continued by an order as follows:  "It is ordered by the court that the time for arguing and submitting" said motion "and the disposition of the same be, and the same hereby is, extended and continued for thirty days."  This continuance carried the cause from a special into the regular March term.  The motion was overruled March 27, 1896. The period of limitation runs from the day of final judgment to the time when the writ of error was lodged in the court below.  ·Polleys v. Improvement Co., 113 U. S. 81.  It therefore becomes necessary to determine when the judgment became final in the court below; and of course, if this occurred when the judgment was entered (February 6, 1896), the writ of error was barred.  At common law the judgment was not entered until the conclusion of the cause, and therefore not until the motion for a new trial had been determined.  Under our practice the rule is otherwise, and the judgment may be immediately entered upon the verdict, and the motion for a new trial may be made and passed upon afterwards.  When the motion is filed in proper time, the proceeding is in fieri until the motion is denied; and until then the judgment must be considered as in paper, or as suspended as a roll, in the common law sense, by the motion.  Spanagel v. Dellinger, 34 Cal. 482; State v. Kansas City Court of Appeals (Mo. Sup.), 16 S. W. 415; Higginbotham v. Campbell (Ga.), 11 S. E. 1027; Wheeler v. Barr (Ind. App.), 33 N. E. 975.  The third paragraph of rule .29 provides that every such motion shall be argued or submitted and determined during the term at which the case is tried, unless the court, for good cause, expressly continue it.  A failure by the court to pass on or continue such motion during the same term at which the case has been tried shall be considered as a denial of the same, and no continuance of such motion shall be for a longer period than thirty days after the expiration of

MOTION for new trial: postpone-ment of consideration.

the term.    Such is the substance of the rule, and under it it
will not be necessary to say in this case whether the pendency
of a motion for new trial will suspend a judgment beyond the
term, where the motion has not been passed upon or specially
continued; nor will it be necessary to say whether an order
continuing such motion for a longer period than thirty days
would be a nullity or merely an error.    In this case the mo-
tion was filed in proper time, and could have been filed with-
out leave first had, and was expressly continued for thirty days,
so that the jurisdiction of the court to amend or set aside the
judgment was preserved notwithstanding the lapse of the
special term.    Sage v. Railroad Co., 93 U. S. 418.    But it is
contended by the defendant in error that when the period of
thirty days expired (March 16, 1896), the judgment became
final by operation of the rule last mentioned.    The order ex-
pressly provides that the motion is continued for argument,
submission, and disposition by the court. It would seem, there-
fore, to be clear that the court did entertain the motion,
and we do not think that the mere failure of the court to pass
upon it within the thirty days operated to divest jurisdiction
over it, but rather that the court deferred its action upon it for
good cause, within its undoubted power to thus further con-
tinue the motion.    A construction which would deprive the
court of jurisdiction of a motion while the court was entertain-
ing it would be highly penal, and is unwarranted by the lan-
guage of this rule.    In Smelting Co. v. Billings, 150 U. S.
36, 14 Sup. Ct. 6, a decree was entered dismissing a bill in
equity, and a motion was then made for a rehearing, which was
not passed upon until some six or seven months afterwards.
It was contended that limitation ran from the date of the
decree, and not from the date of overruling the motion, but
the supreme court of the United States says: "The rule is that
if a motion or petition for a rehearing is made or presented in
season, and entertained by the court, the time limited for a
writ of error or appeal does not begin to run until the motion
or petition is disposed of.    Until then the judgment or decree
does not take final effect for purposes of the writ of error or

appeal. Brockett v. Brockett, 2 How. 238; Railway Co. v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497; Memphis v. Brown, 94 U. S. 715." The judgment in this case did not become final until the motion for a new trial was determined, and the year for suing out the writ of error did not begin to run until then. The motion to dismiss will therefore be overruled.

Smith, C. J., and Collier, Hamilton and Laughlin, JJ., concur.