EX PARTE DELIZ ET AL., PETITIONERS AND APPELLANTS, *v.* FRANCO, CONTESTANT AND RESPONDENT.

APPEAL from the District Court of Aguadilla in Proceedings for the Judicial Administration of an Estate.

MOTION by Contestant for Dismissal of the Appeal for Failure to File a Transcript of the Record.

No. 1253.—Decided December 18, 1914.

STATEMENT OF CASE—LEGAL PERIOD—EXTENSION OF TIME.—Section 140 of the Code of Civil Procedure does not confer powers upon a district court to admit and approve a statement of the case filed within an extension of time granted after the expiration of the legal period.

EXTENSION OF TIME—LEGAL PERIOD.—An extension of time granted after the legal period has expired is void.

ID.—TRANSCRIPT OF RECORD.—An extension of time granted after the expiration of the legal period fixed for filing a statement of the case being void, the period of thirty days for filing a transcript of the record begins to run from the date of the filing of notice of appeal, and if the said transcript of the record is not filed within said time, the appeal will be dismissed.

The facts are stated in the opinion.

Messrs. *Juan García Ducós* and *Celestino Iriarte, Jr.*, for the respondent.

*Messrs. Luis Llorens Torres* and *Rafael Martínez Alvarez* for Pedro Deliz Sosa.

Mr. Justice Wolf delivered the opinion of the court.

This is a motion to dismiss an appeal. The respondent, in the District Court of Aguadilla before Mr. Justice Foote, acting temporarily, opposed a partition of an estate as reported by the special master (*contador partidor*) and her opposition was sustained. The decision therein was rendered on September 21, 1914. Pedro Deliz Sosa appealed on October 6, 1914. On October 16, 1914, an extension of ten days for the filing of a statement of the case was granted by the District Court of Aguadilla. Nothing further was done by the appellant until October 31, or five days after the expiration of the extension, when the appellant presented to the judge of the district court, Isidoro Soto Nussa, an application for a further extension of time and the said judge, on November 2, 1914, extended the time for ten days from the time the appellant was notified of the order of the court, which notification took place on November 3, 1914. The motion to dismiss in this case was written on November 20 and filed in this court on November 25. On November 25, 1914, the attorney for the appellant, alleging various reasons for his delay in filing the statement, asked the District Judge of Aguadilla to extend the time for the filing thereof. The district judge on November 26, 1914, made an order granting the petition for extesion and allowing the appellant until November 27 to file the statement, basing his decision on the authority conferred upon him by section 140 of the Code of Civil Procedure.

In the case of *Pardo v. Pardo,* 19 P. R. R., 1125, we decided that a district court had no authority by virtue of section 140 of the Code of Civil Procedure to admit a statement of the case after the legal period had expired. And in the case of *Ferrer v. The People,* 14 P. R. R., 382, the court held that an extension of time to file a statement of the case made after the expiration of time limited by law, was void. This prac-

tice is generally followed. *Clark* v. *Crane,* 57 Cal., 629; *Emeric* v. *Alvarado,* 64 Cal., 529; *Freese* v. *Freese,* 134 Cal., 48; *In the matter of Clary,* 112 Cal., 292. Under these authorities and because we think that a definite extension of time must mean the thing it says, the appeal in this case must be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justice Aldrey concurred.

Justices del Toro and Hutchison signed stating that they concurred in the judgment.